MARY BRIER, Appellant, v. STATE EXCHANGE
BANK OF MACON.

Division Two, February 12, 1910.

1. **THEORY OF TRIAL: Practice on Appeal.** Parties are restricted on appeal to the theory on which the cause was tried below. If the case was treated throughout as an action in ejectment for the recovery of three feet of land between adjoining stores in which plaintiff claims an easement of a stairway, and for damages, the petition will not on appeal be considered a bill in equity to abate a nuisance.

2. ————: **Injunction: Injury Complete.** Where the petition charges the alleged injury to the property, namely the closing up of a stairway to the upper story of plaintiff's store, to be already done, and contains no averment that any future injury is threatened or anticipated, it does not state facts for injunctive relief.

3. ———— :————: **Ejectment: Easement.** Ejectment is inappropriate to try title to an easement. That action only lies for some tangible thing, something of which possession may be delivered by the sheriff to plaintiff.

4. **PLEADINGS: Construed Against Pleader.** Where confusion or doubt appear as to the character of action stated by the petition, it will be most strongly construed against the pleader.

Appeal from Macon Circuit Court.—*Hon. Nat. M. Shelton,* Judge.

AFFIRMED.

*R. S. Matthews & Son* for appellant.

(1) A party may restrain a continuous breach which is beneficial to him, and stand on the very letter of his obligation, for a party cannot make a solemn obligation and then disregard it on the plea that no harm will result to the other party. Bank v. Kennett Estate, 101 Mo. App. 370. The continuance of a breach

of the rights respecting an easement, combined with permanent and irreparable injury may be removed. Ibid. A party may stand on the very letter of his obligation and demand strict enforcement of the same, and it is no excuse that he will not be harmed by a change. Ibid. (2) Damages should be awarded in the judgment for plaintiff and if actual damages are not sustained, nominal damage should be awarded. (3) Where one purchases an estate with an agreement as to a party wall and stairway of record, one takes the land burdened with the liabilities rising from such an agreement, whenever one avails oneself of its benefits. Sharp v. Cheatham, 88 Mo. 498. (4) After the agreement is duly executed, acknowledged and recorded, it affects with notice anyone afterwards purchasing, and subjects them to the equities created by the agreement. Keating v. Korphage, 88 Mo. 524. (5) An executed contract for twenty-eight years would bind the parties by the Statute of Limitations.

*Dysart & Mitchell* and *Guthrie & Franklin* for respondent.

(1) Ejectment does not lie for an easement. Tyler on Ejectment and Adverse Enjoyment, p. 41. This is the elementary doctrine and well understood and recognized. 10 Am. and Eng. Ency. Law (2 Ed.), p. 474; Cornick v. Arthur (Tex.), 73 S. W. 410; Sedgwick & Wait on Trial of Title, secs. 95, 97, 102 and 146. (2) If the case was tried below upon the theory that plaintiff's action was in ejectment, then the decision of the court could not have been otherwise. This court will hear and decide a case upon the same theory upon which it was tried below. The appellant will not be permitted to change front in this court and ask a decision upon some theory not presented to the trial court. The petition can well be construed as in ejectment. But if confusion or doubt appear, it is to be construed most strongly against the pleader. Price v.

Mining Co., 83 Mo. App. 470. (3) In this case no instructions were asked or given, and if the finding and judgment of the trial court can be sustained on any theory of the case, an affirmance must follow. (4) Where a law case is decided by the court, sitting as a jury, all presumptions are in favor of the correctness of his judgment, and especially so where no instructions were asked or given. (5) There can be no equitable relief for the creation and maintenance of a nuisance, until the fact of a nuisance and damages therefor have been established by an action at law. A suit for the creation and maintenance of a nuisance and for damages therefor, is an action at law pure and simple. After the nuisance has been adjudged and damages awarded therefor, then the plaintiff is in the proper attitude to demand equitable relief for the abatement of the nuisance, either in a separate suit, or in the same suit, if the petition contains a separate count for equitable relief. If this is a suit to declare a nuisance and recover damages therefor, it is an action at law, and having failed to establish the fact of a nuisance, and having failed to recover damages as and for a nuisance, the plaintiff is in no shape to demand equitable relief on her petition. Recovery of damage for the nuisance necessarily, and always, precedes equitable relief for the abatement of the nuisance. Scheurich v. Light Co., 109 Mo. App. 427; 10 Am. and Eng. Ency. Law (2 Ed.), p. 474.

BURGESS, J.—Plaintiff sues for the restitution to her of certain premises and an easement, claimed to be wrongfully and unlawfully withheld from her by the defendant, and for damages in the sum of one thousand dollars, and rents and profits.

The petition states, in substance, that prior to January 1, 1897, and on and subsequent to the 11th day of May, 1877, Frank Weiden was the owner in fee of the east twenty feet of lot six, block sixty-four, in the

city of Macon, Macon county, Missouri, and that So-
phia Baum was the owner in fee of the west twenty-six
feet of said lot; that on the said property of Frank
Weiden there was, and still is, erected a two-story
brick store building, and that on the 11th day of May,
1877, the west twenty-six feet of said lot, owned by
Sophia Baum, was vacant and unoccupied; that on said
date Frank Weiden and Sophia Baum entered into the
following deed and contract of easement, to-wit:

"This agreement made and entered into the 11th
day of May, A. D. 1877, at Macon, Missouri, by and
between Frank Weiden, of the first part, and Sophia
Baum, all of Macon, Missouri,

"Witnesseth, that the party of the first part, for
and in consideration of the agreement hereinafter
mentioned, hereby grants, bargains and sells to the
party of the second part the privilege of using the
west wall of her two-story brick building on Vine
street, situated on the east twenty feet of lot six, block
sixty-four, it being understood that the privilege of
using said wall is for the purpose of joining on to said
west wall in the construction of a building upon the
vacant lot now owned by said second party, in both
the first and second stories, and the entire length of
said wall, from north to south; and furthermore, said
first party further grants and conveys to said second
party the right and privilege of extending her said
wall, when she or her heirs or assigns shall build on a
line to the south, and in continuation of said west wall,
so as to make the same continue said wall, the same
being on the ground owned by the said first party, and
on the line of said twenty feet of said lot six, block
sixty-four.

"In consideration of the foregoing the party of
the second part hereby grants, bargains and sells to
the first party the right and privilege of a stairway,
not to exceed three feet in width, next to and west of
said west wall, both parties to pay equally the expense

of constructing said stairway when said second party shall build and construct a building on the lot now vacant, known as twenty-six feet of the west part of lot six, block sixty-four, and previous to the construction of the building on said vacant lot said first party is to have the right and privilege of building a temporary stairway for his own use and benefit and at his own expense."

That said contract was duly acknowledged, and recorded in the office of the recorder of deeds for Macon county, and that by reason and in consequence of said contract said Frank Weiden acquired an easement and use and interest in the three feet of land and property next to, and west of, and adjoining his said property for his use as a stairway, and the said Sophia Baum acquired the right to use the west wall of said building on the property of said Weiden.

The petition further states that afterwards, and prior to January 1, 1896, there was a building erected on the twenty-six feet of said lot six, owned by Sophia Baum, and that a stairway was erected in conformity to said contract, and that the same was used and enjoyed as a partnership stairway until or about the 1st day of December, 1905. That on the 1st day of January, 1896, said Frank Weiden died, owning in fee simple at the time of his death the said east twenty feet of said lot six, and the easement aforesaid, and that by his last will and testament, duly admitted to probate in the probate court of Macon county, Mary Brier, the plaintiff, was the residuary legatee, and inherited said property, and at all times since and now is the owner of said property.

After averring that the defendant is a banking corporation, incorporated under the laws of the State of Missouri, and that it is the owner of the west twenty-six feet of said lot six, subject to the aforesaid easement, and that it derived its title under and through said Sophia Baum, the petition continues: "That on

or about the 1st day of December, 1905, the said defendant wrongfully, with notice from plaintiff, and without authority, consent or approval, and against plaintiff's desire and protest, erected a large stone pillar at the bottom of and in front of the opening of the stairway aforesaid, and on the ground described in plaintiff's easement, next to and adjoining the street, ignoring plaintiff's rights of property, entirely blocking the said three feet and stairway aforesaid, and defeating the rights of plaintiff under the aforesaid contract, agreement and easement for a stairway, and for plaintiff to get in the second story of her said building she is compelled to go over and upon property not belonging to her, and on and over property of other persons, and since on or about December 1, 1905, and at all times since, and now, the defendant maintains the said obstruction, to her detriment, injury and damage, and is now alone occupying her premises with said stone pillar, and depriving her of the enjoyment and rights given her for a valuable consideration under the contract as aforesaid; and at and about the same time, to-wit, December 1, 1905, the said defendant raised the floor at the top of the said stairway about one foot more, making egress and ingress into her said rooms in the second story of said building very difficult, and making it dangerous and creating a nuisance, and which defendant had no legal right to do, but did the same wrongfully, with notice of protest, and against plaintiff's wish and desire, to her injury, damage and detriment, and depriving her of her rights under her said contract and easement.

"Plaintiff further states that defendant, under said contract, and as a consideration for the rights of a stairway as set out in said contract, is using her west wall, and has been at all times since it and those under whom it claims have had and maintained a building on their said lot.

"Plaintiff further states that at all times since the

11th day of May, 1877, she and those under whom she claims have been in lawful possession of the rights under said contract and the stairway aforesaid, in pursuance to said contract, until on or about the 1st day of December, 1905, when defendant wrongfully and unlawfully entered into such premises, to the exclusion of plaintiff, and has ever since and at all times since the last date aforesaid, and wrongfully and unlawfully withholds the possession of the rights, enjoyment and privileges thereof, and have and do wrongfully and unlawfully exclude plaintiff from the use and rights to pass and repass and enjoy the easement aforesaid, all of which to plaintiff's damage in the sum of one thousand dollars.

"Plaintiff further states that the monthly rents for said easement is reasonably worth five dollars per month.

"Wherefore, plaintiff asks judgment for the restitution of said premises and easement, and the rights under said contract as aforesaid, and one thousand dollars for the wrongful and unlawful withholding of the same, and for five dollars per month for the rental value thereof, and profits from the rendition of judgment until possession be given, and five dollars per month for the rental value thereof from the 1st day of December, 1905, until the rendition of judgment, and for costs," etc.

The answer admits the execution of the contract set forth in the petition, but denies the meaning and effect of said instrument as pleaded; denies that plaintiff has any rights under said instrument; denies that she is entitled to the possession of the premises sued for, or that she is damaged in the sum of one thousand dollars, or in any other sum.

In her replication, plaintiff denies all new matter set forth in defendant's answer, and, for further reply, states "that from the 11th day of May, 1877, up until or about the 1st day of December, 1905, plaintiff held

the easement aforesaid, as described in her petition, and the rights under the same, in open, notorious, adverse possession, being a period of about 28 years, and she, for further grounds of relief, invokes the Statute of Limitations.''

The cause was submitted to the court, without the aid of a jury, no instructions or declarations of law being asked or given, and the court found ''that it is not true,'' as alleged by plaintiff, that there has been a breach of the contract, dated the 11th day of May, 1877, and signed respectively by Frank Weiden, Catherine Weiden, Sophia Baum, Joseph L. Baum, on the part of the defendant; that the stairway in question has not been obstructed by the defendant, as charged in plaintiff's petition, and defendant has not created or maintained any nuisance on the premises of the plaintiff, as charged in the petition, and that plaintiff has not been damaged by any act or conduct of the defendant in relation to her premises now in question, and that plaintiff is not entitled to have and recover the premises, property and rights sued for and claimed by the plaintiff in her petition.''

Judgment was rendered in favor of the defendant, and against the plaintiff for costs, from which judgment, after an ineffectual motion for a new trial, plaintiff appealed to this court.

At the trial of the cause the contract creating the easement in question was introduced. The evidence showed that the two lots, or parts of said lot six, and the buildings mentioned in the petition, fronted north on Vine street, in the city of Macon, the plaintiff's building on the east, and the defendant's on the west. It was admitted by the parties that the lot and building owned by plaintiff was in her and her grantor's possession for thirty years, and that some time prior to December 1, 1905, the entrance to said stairway was changed. The west wall of the Brier building, as shown by the evidence, was used as a party wall, and

the joists and timbers of the bank building rested thereon. From the landing of said stairway, on the second floor, a hallway extended all the way, north and south, between the two buildings. The second floor of the bank building, it appears, was about sixteen inches higher than that of the Brier building, and the platform or landing at the head of the stairway was originally about six inches lower than the hallway extending south therefrom. Access to the rooms or offices on the second floors of the buildings was had by two doors, one on each side of said platform, and there was one step down to the second floor of the Brier building, and one step up to the second floor of the bank building.

Some time in 1905 the defendant bank made some improvements on its building. It erected four granite pillars at the front, and one of these pillars, which was about three feet in thickness, was placed immediately in front of the entrance to the stairway in question. The defendant, however, constructed another entrance just west of the former one, and by means of five or six steps, winding to the east, connection was had with the old stairway, and this new entrance was used in common by the plaintiff and defendant. The landing at the head of the stairway was also raised some six inches by the defendant, so as to make said landing even with the hallway, and this made necessary two steps down from the landing to the second floor of plaintiff's building, there being previously but one step needed or used from the landing to said floor. Above the entrance to the stairway the defendant put in a large window, and another window at the end of the hallway, by means of which the hall and stairway were well lighted. Before these windows were put in the only light reaching the hall or stairway was through the entrance from the street, and the evidence was that by reason of the darkness and the character of the land-

ing, prior to the making of said improvements, several persons had fallen and been injured.

The evidence further showed that the defendant strengthened the corner of the wall between the two buildings by putting in a layer of new brick from bottom to top, the old bricks having been found decayed and crumbling, and that this improvement cost about one hundred dollars.

Frank Brier, son of the plaintiff, testified that at the time the pillar in question was being erected he went to Mr. Web. M. Rubey, president of the bank, and objected to the placing of the pillar in front of the stairway entrance; that Mr. Rubey at the time told him to see the contractor, and that if there should be any damage done, the bank would be willing to pay for it. This witness and one Carl Snyder, a shoemaker, occupying a room in the Brier building, testified that the second floor of said building was not as desirable for rental purposes as it was before the changes were made. Several witnesses for the defendant bank testified to the contrary, and that the improvements made by the defendant enhanced the value of plaintiff's property. Dr. E. S. Smith testified for the defendant that at the time the improvements were being made he went to Frank Brier, plaintiff's son, and offered to rent the second floor of the Brier building, to pay the same rent that the tenant then occupying it was paying, and to put in improvements and fixtures to the value of five hundred dollars, but that Mr. Brier refused to entertain his proposition. This witness further testified that the change in the stairway was a decided advantage, from his point of view, and that the upstairs rooms were just as accessible as formerly.

While this case was tried in the court below upon the theory that plaintiff's action was in ejectment, the plaintiff, in this court, claims that the petition is a bill in equity to abate a nuisance. The plaintiff does

not in her petition pray for injunctive process, or for a decree to abate a nuisance, or for equitable relief of any character. The only nuisance complained of in the petition was the raising of the floor at the head of the stairway so as to make the same even with the hallway, and the evidence showed that this was not a nuisance, and the court found against the plaintiff on that question. Nor is there anything in the contract set out in the petition inhibiting the making of such change or improvement, or requiring the defendant to put the upper floor of its building on a level with that of the plaintiff.

We do not think that the petition states any facts or contains any allegations which would justify a court in granting equitable relief. The statute (Section 3649, R. S. 1899) provides that "the remedy of injunction . . . shall exist in all cases where an irreparable injury to real or personal property is threatened, and to prevent the doing of any legal wrong whatever, whenever in the opinion of the court an adequate remedy cannot be afforded by an action for damages." The petition charges the alleged injury to the property, i. e., the closing up of the old stairway entrance, to be already done, and there is no averment that any future injury is anticipated or threatened. In Carlin v. Wolff, 154 Mo. 539, it is said: "It is familiar and well-settled law that a court of equity will not attempt to restrain the doing of any work which has already been accomplished." [Davis v. Hartwig, 195 Mo. 1. c. 398.]

The pleadings would indicate that the action is in ejectment, and the prayer of the petition is for the recovery of the premises, damages for the wrongful withholding of the same, and for rents and profits. In her reply to defendant's answer, the plaintiff invokes the Statute of Limitations, and again "prays judgment as set out in plaintiff's petition." During the trial of the cause plaintiff's counsel explained to

the court that he desired to prove by Frank Brier, a witness for plaintiff, that the defendant, in erecting the obstruction in question, "chiseled out the main arch on the main column on the west side of the building, and lapped the pillar over on to and in their building."

By the Court: "That is not an element of damage."

Plaintiff's counsel: "No, sir, but it is a part of the ejectment proceeding, and I want to introduce it for that purpose."

By the Court: "Your petition is this, Mr. Matthews—you seek to eject them from the three feet of ground immediately west of the west line of the east twenty feet of lot 6."

Plaintiff's counsel: "Yes, sir."

From its very inception, the case was treated and tried in the circuit court as an action in ejectment for the recovery of premises, and for damages for withholding the same from the plaintiff. It has uniformly been ruled by this court that parties are restricted, on appeal, to the theory on which the cause was tried in the court below. [Walker v. Owen, 79 Mo. 563; Land Co. v. Zeitler, 182 Mo. 251; Horgan v. Brady, 155 Mo. 659; McGurry v. Wall, 122 Mo. 614.]

The action of ejectment is inappropriate to try titles to an easement. Tyler on Ejectment and Adverse Enjoyment, p. 41, says: "But the action of ejectment does not lie for a mere right of way, nor can ejectment be brought for a mere easement in any case. This rule is upon the principle that ejectment only lies for something tangible, something of which possession may be delivered by the sheriff to the plaintiff, which is the general doctrine, as has been before intimated." [10 Am. and Eng. Ency. Law (2 Ed.), p. 474, and cases cited.] Where a party is disturbed or obstructed in the enjoyment of an easement, the remedy for such injury is by action at law for damages.

or, if the wrong be a continuing one, by a suit in equity for an injunction. [Cook v. Ferbert, 145 Mo. 462; Lakenan v. Railroad, 36 Mo. App. 1. c. 372.]

As intimated, the petition can well be construed as in ejectment; but if confusion or doubt appear, it is to be construed most strongly against the pleader. [Price v. Mining Co., 83 Mo. App. 470.] Upon any theory of the case, the weight of the evidence was in favor of the defendant. The judgment is affirmed.

All concur.