LOUIS JACOBSON, PLAINTIFF IN ERROR, v. WILLIAM HAYDAY, DEFENDANT IN ERROR.

Submitted March 25, 1912—Decided June 20, 1912.

1. The defendant by pleading the general issue in an ejectment suit admits a possession by him amounting to an ouster of the plaintiff, and if the latter shows at the trial a title against which an exclusive possession or claim of the defendant would be wrongful, he will be entitled to judgment.

2. An easement of a right of way is no defence to an action of ejectment brought by the owner of the fee to recover possession, where the defendant admits by his plea that he has ousted the plaintiff and claims exclusive possession.

3. Ejectment cannot be maintained to recover a right of way which is limited to an easement over lands, the fee of which is in another. The appropriate remedy is an action for damages resulting from an unlawful interference, or by injunction if a case for equitable jurisdiction is presented. Nor can such an easement be established in favor of the tenant of the easement in an ejectment suit brought by the owner of the fee to recover possession, for it would amount to the recovery of a right of way in a suit not adapted to the adjudication of that question.

On error to the Supreme Court.

For the plaintiff in error, *Chandler & Robertson.*

For the defendant in error, *Thompson & Smathers.*

The opinion of the court was delivered by

BERGEN, J. The plaintiff in error brought an action in ejectment to recover possession of a strip of land four feet in width along Atlantic avenue in Atlantic City, and seventy-five feet six inches in depth, as described in his declaration. To this action the defendant interposed a plea of general issue and the trial court, at the close of the case, directed a verdict for the defendant upon which judgment in his favor was entered. The plaintiff seeks to reverse this judgment and assigns as error the direction of the verdict for the defendant.

The defendant by pleading the general issue admits a possession by him amounting to an ouster of the plaintiff,

and if the latter shows at the trial a title against which an exclusive possession or claim of the defendant would be wrongful, he will be entitled to judgment, otherwise not. *Brown* ads. *Combs*, 5 *Dutcher* 36; *French* v. *Robb*, 38 *Vroom* 260. Therefore, if this judgment be sustained it would vest in the defendant the exclusive possession of the land in question. The plaintiff's right to possession rests entirely upon a paper title traced from George Hayday, Sr., who had title to, and possession of, a considerable tract of land which included the *locus in quo*. He devised the tract to his children in different parcels, after having erected buildings thereon, leaving an alley (the land in dispute here) four feet wide between two of them, one of which he devised to an ancestor in title of the plaintiff and the other to the defendant. There is testimony in the case showing that the plaintiff's paper title includes the alley, and this is not disputed by the defendant who sets up as a defence that he is entitled to a right of way over the alley, which he says is recognized by the grantor of the plaintiff in his deed to him. According to this deed plaintiff's grant is made "subject to the right of way, if any, over that part of the premises lying between the building 1706 Atlantic avenue, and the buildings on the premises adjoining on the east so far as the same may now be used by owners, tenants or occupants of the adjacent properties, and rights, if any, of the maintenance of the present windows or other openings on the westerly side of the building on adjoining premises on the east."

Assuming, but not conceding, that, as defendant claims, this deed subjects plaintiff's land to an easement of way in favor of defendant, the situation, when the trial court directed the verdict, was that the plaintiff in ejectment had a paper title to the fee of the land, derived from an ancestor in title who had possession as well as title, while the defendant relied for justification of his plea to the right of exclusive possession upon an alleged right of way or easement to pass and repass over the land. If the defendant had clearly established the easement he claims, it would be no defence to this action, for a fee and an easement in an estate are independent rights

when vested in different persons, and each may vindicate their respective rights by an action at law, the one to enforce his fee, and the other to protect an interference with his easement, but a right of way over lands, held by another in fee, will not support a defence in an action in ejectment which rests upon a mere right of way, for the plaintiff has a right to assert his title to the fee, and the adjudication of that question in his favor will not destroy the right of the holder of such an easement. The judgment in such case, if in his favor, settles the plaintiff's right to possession, subject to the easement if it exists. *Burnet* v. *Crane, 27 Vroom* 285.

Ejectment cannot be maintained to recover a right of way which is limited to an easement over lands, the fee of which is in another. The appropriate remedy is an action for damages resulting from an unlawful interference with the easement, or by injunction if a case for equitable jurisdiction is presented. Nor can such an easement be established in favor of the tenant of the easement, in an ejectment suit brought by the owner of the fee to recover possession, where the plea admits ouster of the owner, and exclusive possession by such tenant is claimed, for it would amount to the recovery of a right of way in a suit not adapted to the adjudication of that question, for under such pleadings a judgment for plaintiff would not impair any right of way that the defendant may have as an easement over the land in question; the rights involved are separate and independent.

As the plaintiff is entitled to establish his right to the possession of the land subject to defendant's user as tenant of the easement of way, it was error to direct a verdict for the defendant in this case, and the judgment below will be reversed and a new trial ordered.

*For affirmance*—None.

*For reversal*—THE CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, KALISCH, BOGERT, VREDENBURGH, VROOM, CONGDON, WHITE, TREACY, JJ. 15.