FRED BROOKS et al., Respondents, *v.* ROBERT WHEELER, Appellant.

**Real property — easements — ejectment — appeal — equity — incorporeal hereditament may not be recovered in ejectment — remedy against one who bars right of way is in equity — complaint sufficiently stating cause of action in equity — case tried as action at law must remain so for purpose of appeal — complaint not dismissed nor judgment entered in favor of plaintiff but new trial granted — recitals in deeds of right of way without proof that first grantor had received grant thereof, leaves title questionable — title sufficient against one who asserts no title in himself — award of exclusive right of way proper where no other is shown — owner of fee not excluded from use.**

1. An incorporeal hereditament may not be recovered in ejectment, the proper remedy against one who bars another from possessing and

exercising his incorporeal rights being in equity, and the point is sufficiently raised, in an action of ejectment, by a motion to dismiss on the ground that the plaintiffs have not shown title to the land. (*City of Syracuse* v. *Hogan*, 234 N. Y. 457, explained.)

2. A complaint alleging that defendant has erected encroachments on plaintiffs' right of way and asking that he be required to remove them and that plaintiffs have such other and further relief as may be just, is sufficiently broad to sustain an action in equity, but where the method of trial and the practice followed throughout the history of the case placed it on the law side of the court, for the purposes of appeal it must remain there. The theory of the action, however, may be gathered from the complaint and plaintiffs should not be dismissed as they might be if the complaint was drawn as a pleading in a strict action of law. The law may permit a party to abandon the theory on which a proceeding has been prosecuted and to return to the theory on which it was commenced. But judgment in favor of plaintiff should not be entered on the evidence herein. On a new trial of the action as one in equity defendant may have evidence to meet the issue then presented.

3. Recitals in deeds going back to the year 1852, purporting to convey a right of way, without proof that the first grantor ever obtained a grant of the easement, leave some question as to plaintiffs' title, but they have at least color of title sufficient to give them the right to claim ownership against defendant who did not show his own title or claim adversely to the plaintiffs. The rule that a plaintiff must recover upon the strength of his own title may be even less strictly applied in equity; a weak title may be good as against no title whatever, and it may be held that evidence of a paper title extending back upwards of seventy-five years, together with physical conditions, showing the existence of a lane leading from plaintiffs' land to the highway, is sufficient as against one who asserts no title in himself.

4. An award to plaintiffs of an exclusive right of way is not a subject of complaint where no other right of way is shown. The owner of the fee is not excluded from the use of the lands in question so long as the right of way is left free and unobstructed.

*Brooks* v. *Wheeler*, 214 App. Div. 147, modified.

(Argued May 10, 1926; decided May 25, 1926.)

APPEAL from a judgment, entered December 8, 1925, upon an order of the Appellate Division of the Supreme Court in the second judicial department, reversing a judgment in favor of defendant entered upon a verdict

directed by the court and directing judgment in favor of plaintiff.

*Joseph A. McCabe* and *John E. Mack* for appellant. The action is in ejectment. A right of way or easement cannot be recovered in such an action. (*Child* v. *Chappell,* 9 N. Y. 246; *Trustees of South Hampton* v. *Betts,* 163 N. Y. 460; *Chism* v. *Smith,* 138 App. Div. 715; *Northern Turnpike Road Co.* v. *Smith,* 15 Barb. 355; *Wilklow* v. *Lane,* 37 Barb. 244; *Stephens* v. *Meriden, etc., Co.,* 160 N. Y. 178; *Hicks* v. *British-Am. As. Co.,* 162 N. Y. 289; *Butler* v. *Frontier Tel. Co.,* 186 N. Y. 486.) There is no proof of an easement by grant. An easement presupposes a dominant and servient estate and, therefore, an easement cannot be created merely by recitals in the deeds conveying the so-called dominant estate and without proof of a grant from the owner of the servient tenement. (*Mayor, etc.,* v. *Law,* 125 N. Y. 392; *Nellis* v. *Munson,* 108 N. Y. 459; *Aubuchon* v. *N. Y., N. H. & H. R. R. Co.,* 137 App. Div. 834; *Roberts* v. *Baumgarten,* 110 N. Y. 380; *People* v. *State Tax Comrs.,* 67 Misc. Rep. 509.)

*Elijah T. Russell* for respondents. The distinction between actions in equity and at law and the forms thereof has been abolished. (*Chism* v. *Smith,* 138 App. Div. 715; *City of Syracuse* v. *Hogan,* 234 N. Y. 457.) Where the defendant asserts no title it is not necessary for the plaintiff to establish a title with the precision that would be necessary if asserting title against one offered by the defendant. (*People* v. *Tuthill,* 176 App. Div. 631; *Deering* v. *Reilly,* 167 N. Y. 190; *Barson* v. *Mulligan,* 191 N. Y. 306; *Dunham* v. *Townshend,* 118 N. Y. 281.)

POUND, J. The controversy is over a right of way claimed by plaintiffs solely by virtue of a paper title as appurtenant to their farm of fifty-six acres in the town of North East, Dutchess county, New York. The complaint alleges that defendant has erected encroachments

on the right of way and asks that he be required to remove them and that plaintiffs have such other and further relief as may be just. The right of way claimed extends from plaintiffs' lands to a highway. Defendant put in issue the existence of the right of way.

When the case came on for trial it was tried by jury as an action in ejectment. Plaintiffs offered evidence of their chain of title. Defendant offered no evidence and moved for a dismissal of the complaint " on the ground that he has not shown any title to this piece of land." Decision was reserved. It was understood that both parties asked for the direction of a verdict and it was stipulated that whatever verdict the court will direct will be the same as at the close of the trial. The learned trial justice held that the conveyance whereby plaintiffs claimed title did not describe the right of way and directed a verdict for defendant. Judgment was entered thereon which recited that the action was for ejectment. The Appellate Division held that the descriptions in the deeds are sufficient and must be construed as conveying an easement from plaintiff's property to the highway over the right of way in question and directed judgment in favor of the plaintiffs.

On this appeal the appellant claims: 1. That this action is one in ejectment and that an incorporeal hereditament such as a right of way or easement cannot be recovered in such an action. 2. That irrespective of the form of the action there is no proof of an easement by grant; that an easement presupposes two distinct tenements, the dominant, to which the right belongs, and the servient, upon which the obligation is imposed, and that, therefore, an easement cannot be created merely by recitals in the deeds conveying the so-called dominant estate and without proof of a grant from the owner of the servient estate.

The rule is elementary that an incorporeal hereditament may not be recovered in ejectment. Plaintiffs were not

wrongfully disseized of an actual possession of corporeal property. (*Saratoga State Waters Corp.* v. *Pratt*, 227 N. Y. 429, 446.)    Defendant's motion to dismiss on the ground that plaintiffs had not shown title to the land was sufficient to raise the point.    The proper remedy against one who bars another from possessing and exercising his incorporeal rights is in equity.    *City of Syracuse* v. *Hogan* (234 N. Y. 457) does not modify this rule.    It was there held that where the title to land is in question defendant has a right to a jury trial.

The complaint is sufficiently broad to sustain an action in equity.    The method of trial and the practice followed throughout the history of the case placed it on the law side of the court.    For the purposes of this appeal it must remain there.    But the theory of the action may be gathered from the complaint and plaintiffs should not be dismissed as they might be if the complaint was drawn as a pleading in a strict action of law.    (*Stephens* v. *Meriden Britannia Co.*, 160 N. Y. 178, 185; *Matter of Whitman*, 225 N. Y. 1, 12.)    The law may permit a party to abandon the theory on which a proceeding has been prosecuted and to return to the theory on which it was commenced.    But judgment should not be entered on the evidence herein.    Defendant rested on his point of law.    On the trial of the action as one in equity he may have evidence to meet the issue then presented.

The question as to the burden of proof must be considered.    Plaintiffs did not go back to a common source of title and establish a grant of the right of way from the owner of the land over which the right of way is claimed. They rest on recitals in the deeds forming their chain of title going back to the year 1852, purporting to convey the right of way in question.    But there is nothing to show that the first grantor ever obtained a grant of the easement in question.    Obviously I may not give title to a right of way over my neighbor's land merely by conveying it to my grantee.    But defendant does not

show his own title nor claim adversely to plaintiffs' title. For all that appears he is a mere intruder. Although there may be some question as to plaintiffs' title, they had at least color of title. A weak title may be good as against no title whatever. Their title, such as it was, gave them the right to claim ownership. " As was stated by Judge GRAY in *Deering* v. *Reilly* (167 N. Y. 190): ' The rule that a plaintiff in ejectment must recover upon the strength of his own title and not on the weakness of his adversary's, has its proper application where title is asserted against title; but not to a case where the defendants, making no claim of title, object that the plaintiff has not proved a perfect title against those who might claim adversely.' " (*Barson* v. *Mulligan*, 191 N. Y. 306, 325.)

The rule may be even less strictly applied in equity and it may be held that evidence of a paper title extending back upwards of seventy-five years, together with physical conditions as here, showing the existence of a lane leading from plaintiffs' land to the highway, is sufficient as against one who asserts no title in himself.

Appellant makes no point on this appeal that plaintiffs' deeds do not refer to the strip in question. He assumes " for the sake of the argument only " that the language of the grant does refer thereto. The Appellate Division properly construed the deeds.

Complaint is made that the plaintiffs are awarded an exclusive right of way. No other right of way is shown and, of course, the owner of the fee is not excluded from the use of the lands in question so long as the right of way is left free and unobstructed.

The judgment should be modified so as to grant a new trial, with costs to abide the event.

HISCOCK, Ch. J., CARDOZO, McLAUGHLIN, CRANE and LEHMAN, JJ., concur; ANDREWS, J., absent.

Judgment accordingly.