WATERBURY TRUST COMPANY *vs.* G. L. D. REALTY COMPANY ET AL.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, JS.

Argued December 6th, 1935—decided January 8th, 1936.

*J. Warren Upson,* with whom, on the brief, was *Lawrence L. Lewis,* for the appellant (plaintiff).

*Frederic C. Smedley,* with whom, on the brief, was *L. Russell Carter,* for the appellee (defendant Waterbury National Bank).

*Michael J. Galullo,* with whom, on the brief, was *Theodore V. Meyer,* for the appellee (defendant Waterbury Savings Bank).

*Hugo Gustaferri,* with whom, on the brief, was *Joseph M. Navin,* appeared for the appellees (named defendants and A. E. Taylor Company).

HINMAN, J.   Allegations of the amended complaint which are material to the inquiry occasioned by this appeal may be epitomized as follows: The plaintiff owns a mortgage on premises, in Waterbury, of Waterbury Aerie Fraternal Order of Eagles, and the appurtenances, including an easement that certain land lying southerly thereof remain open and unenclosed without any buildings erected thereon, and a right to pass over and across it.   In 1928 the named defendant took title to a tract which included a portion of the land which is subject to that easement and erected a four-story building, a part of which encroached on the land so subject to easement, as a result of which "the easement of light and air . . . has been impaired, and the right of crossing and recrossing said area has been denied."   The mortgagor is in default upon payments upon the plaintiff's mortgage.   Judgment was claimed

"ejecting the defendants from the premises described" which include land, owned and built upon by the named defendant which is claimed to be subject to the easement. The named defendant and others, who are its mortgagees and lessee, demurred to the prayer for relief "because the only rights claimed by the plaintiff in said land are the rights of easement mentioned in the complaint as amended, and such rights, if established, would not entitle the plaintiff to ejectment." This demurrer was sustained, the Superior Court ruling that "whatever other remedy the plaintiff may have, it is not entitled under its present complaint to ejectment of these defendants who are alleged to be interfering with an easement of light, air and passway." This ruling, if found correct, is decisive and we may confine our discussion to the assignment attacking it.

The question thereby presented narrows, on the hearing on appeal, to whether or not ejectment to obtain possession of the dominant tenement may also be utilized to reach and secure removal of an obstruction of an easement appurtenant thereto. The purpose and attempt to do this is apparent from allegations of the complaint, including those setting forth the claimed obstruction and from the prayer for judgment "ejecting the defendants" from the premises alleged to be subject to the easement instead of the prayer, usual in ejectment, for "possession of the premises." The demurrer was sustained upon the generally accepted principle that an action of ejectment will not lie for an easement or incorporeal hereditament. An essential to ejectment is proof of a legal title. *Cahill* v. *Cahill*, 75 Conn. 522, 54 Atl. 201. From the nature of an easement its owner cannot be the owner of the land over which it exists. "The right to the fee and the right to the easement, in the same estate, are rights independent of each other, though existing in the same

estate. Each party may protect himself by appropriate actions, one to maintain his possession of the fee, and the other to protect himself in the enjoyment of his easement." Newell, Ejectment, § 20, p. 31; *Morgan* v. *Moore,* 69 Mass. (3 Gray) 319, 322; *Jacobson* v. *Hayday,* 83 N. J. L. 537, 83 Atl. 902. "More than the possession of a right to an easement [is needed] in order to maintain an action in ejectment." *Southampton* v. *Betts,* 163 N. Y. 454, 460, 57 N. E. 762. It is the owner of the land which is subject to an easement who can by ejectment recover possession of that land. The action will not lie in favor of a party to try his right to enjoy the easement. "The reason is obvious—the very subject-matter of controversy is incorporeal; . . . [it] 'lyeth in grant, and not in livery.' It is for that reason that the owner of a way cannot be disseized or otherwise ousted of it; he can only be 'disturbed' or 'obstructed' in its enjoyment." *Wood* v. *Truckee Turnpike Co.,* 24 Cal. 474, 488; *Brooks* v. *Wheeler,* 243 N. Y. 28, 152 N. E. 454, 47 A. L. R. 549; *Bale* v. *Todd,* 123 Ga. 99, 103, 50 S. E. 990; Newell, Ejectment, § 50, p. 53. "The action [of ejectment] does not lie for a mere right of way. . . . Nor . . . for a mere easement. . . . Ejectment only lies for something tangible, something of which possession may be delivered by the sheriff." Tyler, Ejectment, p. 41, cited in *Brier* v. *State Exchange Bank,* 225 Mo. 673, 684, 125 S. W. 469; *Nichols* v. *Lewis,* 15 Conn. 137, 144; *Jackson* v. *May,* 16 Johns. (N. Y.) 184; *Child* v. *Chappell,* 9 N. Y. 246, 252; *Union Petroleum Co.* v. *Bliven Petroleum Co.,* 72 Pa. St. 173, 181; *Smith* v. *Wiggin,* 48 N. H. 105, 109.

The purpose of the present action, from the nature of the case as revealed by the form of the prayer for relief is not and cannot be to have "delivered by the sheriff," on execution, possession of that portion of the

named defendant's building which is alleged to be located on the plot of land claimed to be subject to the easement, but to procure removal and abatement of the obstruction of that easement alleged to have been created by encroachment of the building. The appropriate recourse of the owner of an easement against obstruction of or interference with its use and enjoyment is not to ejectment but to equity. *Brooks* v. *Wheeler*, supra; *Ogden* v. *Straus Building Corporation*, 187 Wis. 232, 202 N. W. 34; 47 A. L. R. 554, and cases cited. Injunction is the usual and a proper remedy. *Saratoga State Waters Corporation* v. *Pratt*, 227 N. Y. 429, 447, 125 N. E. 834; *Oberheim* v. *Reeside*, 116 Md. 265, 274, 81 Atl. 590. Ejectment is not appropriate for the assertion of a mere equitable right, although certain prayers for equitable relief may be joined with a demand for possession. *Mirando* v. *Mirando*, 104 Conn. 318, 320, 132 Atl. 910; *Walsh* v. *Feustel*, 93 Conn. 366, 370, 105 Atl. 696. The research of counsel and our own have not revealed a case of interference with an easement alone in which an action of ejectment has been sustained.

The appellant concedes that, under the general rule, this action could not be maintained as to the easement, standing by itself, but claims that it is available in connection with ejectment for the land to which it is appurtenant. Reliance is placed upon *Callaway* v. *Forest Park Highlands Co.*, 113 Md. 1, 77 Atl. 141, in which it is stated (p. 8) that "while . . . an action of ejectment cannot be maintained for an easement alone, the easement may be recovered in an action of ejectment for the land to which it is appurtenant, and the delivery by the sheriff of the possession of the land carries with it the possession of the easement." In that case the easement was a right of way, for pipes of a proposed sewerage system, appurtenant to a lot of

land possession of which was sought by the action. It does not appear that the right of way was in any way obstructed or otherwise physically impaired, and we find in the opinion no indication of an intention to hold other or further than that, along with possession of the land, there may be obtained the appurtenant right to the easement; that as therein expressed (p. 9) "a recovery in ejectment of the land carries with it, in legal contemplation, the possession of the incorporeal right or easement . . . so far as it may be possessed." Care is taken to point out (p. 9) that the decision is not to be understood as in any way qualifying the doctrine announced in *Nicolai* v. *Baltimore City*, 100 Md. 579, 60 Atl. 627, and it is said: "A party may maintain an action for an unlawful obstruction of his easement in the land of another, and, in a proper case, may obtain an injunction to prevent such an obstruction, but ejectment will not lie to test his right to or to recover possession of his easement. This is so because the easement is incorporeal and intangible, and is not susceptible of actual possession, the owner of the servient estate being entitled to the possession of the land over or through which the right exists, subject, of course, to the burden of the easement." In the later case of *Oberheim* v. *Reeside*, 116 Md. 265, 275, 276, 81 Atl. 590, it was held that obstruction of a right of way by a house built upon it presented a case where "there is no remedy by ejectment or trespass," but a proper one "for redress in equity by injunction." The only other case coming to our attention in which ejectment as to both land and easement was sought is *Taylor* v. *Gladwin*, 40 Mich. 232. There the judgment included the easement, in an alley, which appears to have been unobstructed, as well as the land, but it was held on appeal (p. 234) that "such an interest is not the subject of ejectment, as it is an in-

tangible and incorporeal easement." This case is cited to support the general principle in *McMorran Milling Co.* v. *Pere Marquette Ry. Co.*, 210 Mich. 381, 393, 178 N. W. 274. The *Callaway* case did not involve any attempt to utilize ejectment as a remedy against obstruction or interference with the enjoyment of an easement, and we do not construe it as going so far as to hold or indicate that resort to ejectment may be had for that purpose merely because possession of the premises to which the easement is appurtenant is also sought. If it did, we would be unwilling to follow it, being unable to see any sound reason for so doing and thereby depriving the defendants of defenses which in an equitable action they might be entitled to interpose.

There is no error.

In this opinion the other judges concurred.