[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 I. FACTUAL BACKGROUND
The plaintiff seeks a finding of contempt against the defendant, Greg A. Renshaw, for his violation of the terms of a permanent injunction entered by this court on February 4, 1998. The matter concerns real estate situated on Front Street in Putnam Connecticut now owned by the plaintiff, and formerly owned by Edmund and Dolores A. DiMeglio. The DiMegios filed suit in 1996 requesting a temporary injunction against the defendant, Greg A. Renshaw, ordering that he remove items of personal property placed on the adjoining property then owned by the plaintiffs, and further from the defendant interfering with pedestrian or vehicular passage on a common right of way. The subject premises are adjacent to that of the property now owned by the defendant and with each deed containing an express right of way 6 feet in width extending the length of the common boundary on the property owned by the other, thus creating a twelve-foot right of way.
A preliminary injunction on January 16, 1997 after an evidentiary hearing on December 19, 1996. This Court, upon the stipulation of the parties, entered a-permanent injunction in 1998.
On February 15, 2002, the plaintiff, Michael C. Stanley, purchased the premises from Edmund and Dolores A. DiMeglio. Michael C. Stanley, has been substituted as the plaintiff on April 1, 2002. CT Page 7598
An evidentiary hearing on the plaintiffs request for finding of contempt of the injunction was held on April 29, 2002, with testimony offered by both the plaintiff and the defendant. The defendant admitted at the hearing to having engaged in activities, which the plaintiff alleges are in violation of the permanent injunction. The three areas of potential violation are: 1) the placement of debris on the land of the plaintiff (although both parties have agreed that debris was removed after the filing of the present motion but prior to the hearing); 2) the installation of iron work around windows on the defendant's building and the installation of a iron gate both extending over the right of way and; 3) the construction of a concrete/steel framed balcony which extends over the right of way and is mounted on concrete walls which are located on land and owned by the plaintiff The defendant admitted to all three of these matters and argued that all should be treated differently by the court. The court agrees.
 II. ISSUES
The first item concerns the placement of personal property on the right of way by the defendant or others working for him. The defendant admitted the items were on the property after the filing of this motion for contempt in March 2002 and were recently removed. The court finds that the debris on the property was construction materials and were timely removed. They did not unreasonable interfere with the plaintiffs use of the right of way.
The second item of contention is the installation of iron window ornaments variously located 10 to 15 feet above the ground extending into the airspace over the defendant's six foot portion of the right of way. While admitting the installation of the iron ornamentation, the defendant argues that since the windows are above grade they should not interfere with the reasonable use by the plaintiff of his right of way. The court finds that the ornamental window treatments are an attractive addition to the defendant's property and do not encumber the plaintiffs present or prospective use of the right of way.
The third item concerns the construction of a permanent balcony by the defendant leading from two newly installed double doors exiting his building and the costruction of ornamental iron gatework. The defendant admitted to having constructed the gatework and the structure over the right of way and on the concrete walls owned by the plaintiff.
 III. LAW
Both counsel agree with the proposition that "In the absence of an easement or agreement, no person has any right to erect buildings or CT Page 7599 other structures on his own land so that any part, however small, will extend beyond his boundaries, either above or below the surface, and thus encroach on the adjoining premises". 1 Am Jur 2d, Section 119. The genesis of a landowners right to superjacent airspace is the common law maxim: Cuius est solum, ejus est usque ad coelum et ad inferos ("to whomever the soil belongs, he also owns the sky and to the depths"). This right to the airspace was modified only by the Federal Aviation Act,72 Stat. 789 in 1926 and is well settled in common law.
The court finds in connection with these alleged violations that the plaintiffs property consist of a lot or tract of land that is and has been for many years, vacant. It presently has no commercial or residential use accept as a vacant lot. The court further finds that the plaintiff is not now, nor have they in the past actually used the right of way. Whereas, the defendant has a commercial building on his property that is an attractive commercial building, housing among other things an antique business which contributes to the greater well-being of the Putnam commercial district. The claimed violations of the injunction by the defendant are more theoretical than an actual interference with the plaintiffs use of the right of way.
"The rule is well established that the owner of an easement is entitled to relief upon a showing that he will be disturbed or obstructed in the exercise of his right. Leabo v. Leninski, 182 Conn. 611, 615, 438 A.2d 1153
(1981); Wambeck v. Lovetri, 141 Conn. 558, 564, 107 A.2d 395 (1954);Waterbury Trust Co. v. G.L.D. Realty Co., 121 Conn. 50, 54, 182 A. 466
(1936). The granting or refusing of injunctive relief, however, rests within the sound discretion of the trial court and its action will not be disturbed unless it has abused its discretion. DeCecco v. Beach,174 Conn. 29, 35, 381 A.2d 543 (1977); Hammerberg v. Leinert,132 Conn. 596, 604-605, 46 A.2d 420 (1946). "[T]he power of equity to grant injunctive relief may be exercised only under demanding circumstances." Nicholson v. Connecticut Half-Way House, Inc.,153 Conn. 507, 511, 218 A.2d 383 (1966); see Leo Foundation v. Cabelus,151 Conn. 655, 657, 201 A.2d 654" (1964). Connecticut Light Power Co.v. Holson Co., 185 Conn. 436, 440 A.2d 935 (1981). In any event, the plaintiff has the burden of establishing that the defendant's ornamental ironwork and decorative improvements within the easement area materially interfered with his easement and he has failed to do so.
 IV. ORDER
The defendant concedes, as he must, that portions of the balcony rest upon supports on the plaintiffs property and that portions of the balcony overhang the plaintiffs property. This constitutes a clear violation of the plaintiffs property rights. Such portions of the balcony that rest CT Page 7600 upon or over the plaintiffs property shall be removed and it is ordered that the defendant do so. Similarly, the ornamental gates constitute a baffler to full access to the plaintiffs property and, absent an agreement between the parties, are ordered to be removed.
The more vexing problem relates to the portion of the balcony that may overhang the easement. Any decision in this case that does not address this issue would only invite further litigation. From a review of the photos, survey map and other evidence, the court concludes that this very back portion of the easement is, at best, only available for pedestrian ingress and egress as well as deliveries by small van or truck. The court finds the plaintiffs claim that large cranes might have to have access for the purpose of constructing a building on his vacant lot to be a speculative and phantom claim. Modern building and construction techniques would allow for the construction of a wall on the west portion of the plaintiffs property even without a twelve foot right of way.
Since the balcony does not unreasonably restrict the plaintiffs access to the back of his property by foot or van, the court finds that a small balcony on the defendant's portion of the easement would not unduly burden the plaintiffs rights. The court concludes that an equitable resolution of this dispute would permit the defendant to have a small balcony at its present level which is no longer than ten feet from the face of brick on the defendant's main building and no wider than six feet from the cinder block concrete north facing wall of the defendant's property.
The plaintiff and the defendant are each ordered to keep the easement entirely free of any standing materials, objects, furniture, debris, construction material and liter.
The court does not find any utter, willful and total disregard of the court's prior order in light of the testimony of the defendant that the balcony was built in such a fashion without his knowledge, direction or approval. The court is of the opinion that the defendant is making an effort to improve the appearance of his building and surrounding grounds. He may not, even with the best of intentions, do this at the expense of his neighbor's property rights. Since there is no present finding of contempt, there is no award of counsel fees. Court costs are to be paid by the defendant and the plaintiff is to be reimbursed for such expenses.
Judgement may enter accordingly,
___________________ Foley, J. CT Page 7601