EDWARD L. SEERY vs. THE CITY OF WATERBURY.

Third Judicial District, Bridgeport, October Term, 1909.
BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

The ultimate object in interpreting the language of a written instrument is to carry out the intention which the parties may be presumed to have had in using it, if this can be done without straining the words beyond their fair import.

The rule that abutting proprietors presumptively own the fee of the soil to the middle of the highway, is based on the supposition that the land covered by the highway was originally granted by the adjoining owners in equal proportions; and therefore where it appears that it was all granted by a single proprietor, this presumption is rebutted.

In this State there is no presumption that a deed of land bounded "on" a private way laid out by the grantor carries a title in fee to the middle of the passway.

In the present case the writ described the plaintiff as the owner of the legal title to the passway, as trustee for persons having easements therein, while the complaint alleged a former ownership and possession of the whole tract, a conveyance of all the land except the passway by such owner, and a subsequent conveyance of his title to and interest in that to the plaintiff. *Held* that if this were a defective statement of title, it certainly was not a statement of a defective title, and therefore, in the absence of demurrer, was aided by the finding and was sufficient to support the judgment.

A private passway is a means of passage for one or more individuals from some place to some other place over lands of another.

When there is no statute, custom, or judicial precedent to govern the decision of a question of title not settled by the common law, a court,

before which the question comes up in a litigated case, must answer it by the choice of that rule which in its judgment is best calculated to do justice in cases of that character.

Submitted on briefs November 3d—decided December 17th, 1909.

SUIT for an injunction against using a water-main laid under a private passway in Waterbury known as Seery Place, and for damages, brought to the District Court of Waterbury. Injunction granted (*Peasely, J.*) *No error.*

*Benjamin I. Spock,* for the appellant (defendant).

*Terrence F. Carmody,* for the appellee (plaintiff).

BALDWIN, C. J. In 1884 Thomas H. Seery opened a private passway, about twenty-two feet wide, on a lot of land less than an acre in size, which he owned in Waterbury. This way extended from Mattatuck Street to land of a third party used for a canal, and has since been known as Seery Place. Subsequently six houses were erected on this land on either side of Seery Place, four fronting upon it and two fronting on Mattatuck Street. The passway was the only means of access to the four houses fronting on it. To the other two there was access by Mattatuck Street, and they were separated from Seery Place by fences on the outer lines of the passway. In 1902 Katherine Seery succeeded to the ownership and possession of the entire property, including the six houses and Seery Place. Prior to January 1st, 1905, she had conveyed it all away to various parties, unless with the exception of Seery Place. In 1906 she conveyed her interest in and title to that to the plaintiff. She, and after her, the plaintiff, from January 1st, 1905, to the date of this action, have claimed ownership over, and been in possession of, Seery Place, keeping it in repair, placing a guard-rail across it near the canal, and closing it to traffic one day in each year.

Mattatuck Street has been discontinued, under an order

of the railroad commissioners passed in 1905, and a new highway laid out crossing Seery Place, and also crossing the two corner lots formerly fronting on Mattatuck Street. Both these are now owned by the New York, New Haven and Hartford Railroad Company, which has dedicated to highway uses that part of them crossed by the new highway, and, so far as it has as such owner any title thereto, so much of Seery Place as is so covered. The defendant has laid the water-main in question in that part of the new highway which crosses Seery Place between the corner lots, or in them, if the title of their owner runs on each side to the middle of Seery Place.

That it does so extend is set up as a defense to this action.

One of these lots was conveyed by Katherine Seery by a deed bounding it thus: "Beginning at a point in the westerly line of Seery Place 62′ 4″ from Mattatuck Street, thence northerly in line of Seery Place 62′ 4″ to Mattatuck Street, thence westerly in line of Mattatuck Street 37′ 6″ to land of Hall & Upson Co., thence southerly in line of land of Hall & Upson Co. 53′ 4″, thence easterly to point of beginning." On the same day it was mortgaged back by a deed describing it as bounded "easterly 62 feet 4 inches on Seery Place," and a few months later the mortgage was released by a deed expressed in the same way.

The other of these lots she conveyed by a deed bounding it "westerly on Seery Place."

Whether the conveyance of a lot bounded on a private passway presumptively carries a title to the fee of the soil over which the passway exists up to the middle line of the passway, has never been made the subject of judicial determination in this State.

The effect of a deed of land depends on the words in which it is expressed, aided, if necessary, by a consideration of the circumstances leading up to its execution, and the situation of the property. The ultimate object is always to give its terms such an interpretation, if this can

be done without straining them beyond their fair import, as will carry out the intention which the parties may be presumed to have had in employing them. *Sweeney* v. *Landers, Frary & Clark,* 80 Conn. 575, 578, 69 Atl. 566.

In respect to highways, the rule in Connecticut is well established that abutting proprietors presumptively own the fee of the soil under that half of the road which is contiguous to their lands. This is founded on a presumption that the land covered by the highway was originally granted by, the adjoining owners in equal proportions. Where it appears that it was all granted by a single proprietor, this presumption is rebutted. His laying a servitude upon it cannot transfer a title to the fee. *Watrous* v. *Southworth,* 5 Conn. 305, 310.

Seery Place is not a highway but a private passway. A private passway is a means of passage for one or more individuals from some place to some other place. *Dennis* v. *Wilson,* 107 Mass. 591, 593. Each of these individuals has a right of way. A right of way is a right to a way over lands of another. *Hart* v. *Chalker,* 5 Conn. 311, 315. Seery Place afforded a way from Mattatuck Street to the canal. When this way was opened by Thomas H. Seery, he owned both the fee of the soil beneath it and all the lands contiguous to it, except that to which it led. He needed no right of way over his own land. He must therefore have opened Seery Place either solely for the purpose of giving a way between Mattatuck Street and the canal in favor of the owner of the canal; or partly for that purpose and partly to enable him to sell lots on either side with a way appurtenant to and from that street; or solely for the last named purpose. In any case there is no ground for a presumption that he either then or later, when he built houses on such lots, parted with any part of the fee of the soil.

His entire estate passed in this condition to Katherine Seery, in 1902. When she sold off a corner lot fronting on Mattatuck Street and gave a deed bounding it upon one

side "on Seery Place," it would no doubt have added to the value of his purchase, had the grantee acquired part of the fee of the soil over which Seery Place was laid out. But all that soil had, up to that time, belonged to the grantor, and we are of opinion that there is nothing in the situation of the parties to such a transaction or the nature of their respective estates, on which to found a presumption that it was intended to convey it or any part of it.

The point of law involved has been differently decided in different States. In Massachusetts it has been roundly held that a deed of land bounded on a private way, laid out over land of the grantor, passes the fee to the middle of the way, where there is nothing in the deed to require the opposite construction. *Fisher* v. *Smith*, 9 Gray (Mass.) 441, 444; *McKenzie* v. *Gleason*, 184 Mass. 452, 69 N. E. 1076. In Maine an opposite conclusion has been reached. *Ames* v. *Hilton*, 70 Me. 36, 43. There is here no statute or judicial precedent which governs, nor any general custom of which we can take judicial notice. The question is one, also, not settled by the common law. It is therefore our duty to answer it by the choice of the rule which, in our judgment, is best calculated to do justice in cases of this character. This we have done. We adopt that which does not raise, in case of a boundary on a private way, the presumption which obtains in case of one on a highway. By that rule, because it is (or by our adoption of it becomes for Connecticut) the rule of justice, it may fairly be assumed prima facie that the parties to such a transaction intended to be governed, by force of the words which they employed.

As the deed of the lot bounded "westerly on Seery Place" gave no title to the fee of the soil under that passway, much more none was given by the deed of the lot on the opposite corner.

It is assigned for error that the complaint does not allege title and possession in the plaintiff. The writ de-

scribes him as the owner of the legal title as trustee for certain persons having easements in the property, and the averments in the complaint are that in 1902 Katherine Seery was the owner and in possession; that she afterward conveyed all the lands on both sides of Seery Place, but not Seery Place itself; and that in 1905 she conveyed her interest in and title to that to the plaintiff. If this be a defective statement of title, it is certainly not a statement of a defective title, and therefore, in the absence of a demurrer, it is aided by the finding and sufficient to support the judgment.

There is no error.

In this opinion the other judges concurred.