## OWNERSHIP OF GROUND IN VACATED STREET.

Common Pleas Court of Hamilton County.

JOHN A. OBERHELMAN v. AMELIA E. ALLEN.

Decided, June 11, 1913.

*Municipal Corporations—Vacation of Streets—To Whom Title Reverts, Where the Land Was All Dedicated by the Property Owners on One Side.*

Upon the vacation of a public street by the city council, the whole of which street was dedicated out of the property of the grantors of the abutting property holders on the west side, the abutting property holders on the east side, whose grantors contributed no property to the original dedication, are entitled to an easement only in the vacated street. The fee of such vacated street subject to such easement is in the abutting property holders who are the grantees of the original grantor who dedicated the street.

*Herman P. Goebel* and *O. M. Dock,* for plaintiff.
*Stanley Matthews* and *Smith Hickenlooper,* contra.

MAY, J.

William Terry and Robert Goudy were the original owners of the land, the subject of this action. On May 25, 1829, while Robert Goudy owned this land, according to the records of Delhi township, a township road was laid out from the farm of Thomas Habard to the Rapid Run pike, now known as St. Lawrence avenue. These records show that the road was thirty feet wide and that the township trustees by proper proceedings assessed damages in favor of Robert Goudy at $35, and that Robert Goudy agreed to receive the damages and open the road when the money was paid. The road was afterward opened.

The Goudy property by subsequent conveyances is now vested in Amelia E. Allen and the Hickenloopers. In 1841, Terry conveyed his property, which now comprises the plaintiff's subdivision, describing the line between the property conveyed and the line of Robert Goudy, as follows:

"Beginning at a stake in the east side of Township road and in the east of Robert Goudy's line, thence north with the road and Goudy's line, 11 chains and 55 links to a stake and where the road turns east, thence south 66 degrees 11 minutes," etc.

In 1896 Anne E. Moore quit-claimed all her interest to A. Hickenlooper in the Goudy property, describing it as follows:

"Beginning at a point on the south side of St. Lawrence avenue 502.13 feet west of the point, where the south line of St. Lawrence avenue and the west line of Hazard road meet, thence north 73 degrees, 17 minutes east 503.13 feet along the south line of St. Lawrence avenue to the west line of Hazard road, thence S. 2 degrees 42 minutes west and along Hazard road 972.97 feet to a point, thence south 67 degrees 5 minutes west 512.565 feet to a point, thence west 2 degrees 4 minutes east 1029.73 feet to the place of beginning."

On September 4, 1906, the Hickenloopers petitioned the city council to vacate Hazard road, Price Hill, in the following words, to-wit:

"The undersigned owners of lots in the city of Cincinnati, abutting upon and in the immediate vicinity of the thirty foot way known as Hazard road (sometimes improperly called Lincoln avenue); extending from St. Lawrence avenue, to West Eighth street, west of Enright avenue, respectfully petition your honorable body, that said Hazard road may be vacated between the points named, for the reason that it is no longer of use to the public and its vacation will not be detrimental to the general public interests."

And on October 29, 1906, council vacated Hazard road. The Hickenloopers afterward conveyed to the defendant, Amelia Allen, the property which included the thirty feet of the vacated Hazard road, and the Allens fenced this in.

The plaintiff contends that upon the vacation of the street, as an abutting property owner, he was entitled to one-half of the fee in said vacated street, and asks to have his title quieted as to the defendant's claim to the ownership of the entire vacated street. And by amendment to the petition asks for an injunction against the defendant interfering with his easement of egress and ingress along said vacated portion of the street.

The defendant by her answer and cross-petition claims the fee to the entire vacated street and asks to have her title quieted as to the plaintiff's claim to the fee of one-half of the vacated portion of the street. The defendant insists that there is no evidence of a statutory vacation of Hazard road, for the reason that the property was located in Storrs not Delhi township, and that the act of laying out of the road in Delhi township was not a proper dedication. Of course whatever took place in Delhi township can not be binding in law in Storrs township, but the records show an intention on the part of Robert Goudy to dedicate this township road.

At the hearing the undisputed evidence was that for nearly forty years Hazard road was a known road between St. Lawrence road and Hazard farm; that during the past twenty-five years it has intersected with Eighth street and that the road was always open to the public; that it was fenced off on each side; that it has been known for the past fifteen years as Lincoln avenue; that the city had put up a sign painted with the name of Lincoln avenue on it; that the public continuously used this road and drove over it, though during the past few years the road could not be used for driving on account of the wash-out. A policeman testified that in the guide furnished policeman the road was known as Lincoln avenue.

Assuming that there was no statutory dedication, I am of the opinion that there was a common law dedication. There certainly was an intention on the part of Robert Goudy to dedicate the road to public use. This is shown by the record in Delhi township, coupled with the fact that the road was laid out and was in existence and was recognized by conveyances in the chain of title.

Defendant contends under the decision of the Supreme Court in *Railroad Company* v. *The Village of Roseville*, 76 Ohio St., 108, where the court at page 115, says, "it is well settled that in order to deprive the owner of his property by the common law dedication it must clearly appear not only that he intended to and did give it to the public, but also that the gift was accepted," that there could be no common law dedication without an acceptance.

There is no doubt but that this is the law of this state, but the facts in this case show that there was an acceptance.  There need not be an actual acceptance on the part of the city, an implied acceptance is sufficient.

*Elliott on Roads and Streets,* 3d Edition, Section 167, says:

"An implied acceptance arises in cases where the public authorities have done acts recognizing the existence of the highway, and treating it as one of the public ways of the locality."

The putting up of a sign by the city naming the street the printing of the name of the street in the manual for policemen on their beat, are sufficient evidence of acceptance on the part of the authorities (*City of Louisville* v. *Snow, Admr.,* 107 Ky., 536).  But aside from this, the defendant is estopped from denying that there was a common law dedication in this case.  Whatever title she has to this vacated road is by virtue of the vacation.

In the ninth paragraph of the stipulation it appears that the defendant's grantors, the Hickenloopers, petitioned council to vacate the road in question.  This certainly recognizes the road as a public street and the defendant can not now raise the question that there never was an acceptance on the part of the city.

Defendant contends, however, that because the road was originally carved out of the property by her grantor, that upon vacation the entire fee vests in her and other abutting owners claiming through the same original owner free from any encumbrance.

The cases of *Seery* v. *Waterbury,* 82 Conn., 567; *Watrous* v. *Southworth,* 5 Conn., 505; at 510; *In re Roberts,* 34 Minn., 99, support this contention.

There is no decision in Ohio bearing directly upon this question.  All the cases in this state are to the effect that where a street is vacated, the public no longer owns it and that it must either revert to the original owner or adhere to the abutting lots as by discretion, and that as the original owner is presumed to have received full value for the  street when he sold the lots, there is no just reason why he should have the street when vacated, restored to him.

While, therefore, it is still an open question in this state as to whether an abutting property owner, whose grantor contributed nothing to the making of the street, is entitled to a fee in one-half upon vacation, there can be no doubt whatsoever, that such abutting property holders, and the plaintiff is such in this case, is entitled to an easement in such vacated street for the necessary ingress and egress. *Traction Co.* v. *Parish,* 67 Ohio St., 181, 190, 191.

· To the same effect are *Manufacturing Co.* v. *Beatty,* 65 Ohio St., 264; *Kerr* v. *Commissioners,* 51 Ohio St., 593, citing with approval *Stevens* v. *Shannon,* 6 O. C. C., 142; *Railway Co.* v. *Lersch,* 58 Ohio St., 651; *Callen* v. *Electric Light Co.,* 66 Ohio St., 166.

That an abutting property owner is entitled to an easement in a vacated street although his grantor contributed no property to the original street, has been expressly held by our own circuit court in 7 C.C.(N.S.), 468; affirming Judge Pfleger in the same case as reported in 2 N.P.(N.S.), 293. The court said:

"We are of opinion that when Kirby alley was accepted by the city of Cincinnati under the amended dedication it became and was a public way, and the premises occupied by the Oliver Schlemmer Company abutting on it became invested with an appurtenant easement in the same, which was not and could not be destroyed by the proceedings for a public vacation. * * * This being so, the proposed wall which the defendant admits it purposes to build is such a trespass upon the private property rights of plaintiff as to entitle plaintiff to an injunction without compelling him to submit and bring his action at law for damages."

This is also the rule in New York. In *Holloway* v. *Southmayd,* 139 N. Y., 390, the court says, at page 402:

"In this and like cases, while the grantor may have retained the fee of the soil in the highway, he has but a naked, or barren title, and, that, in the event of the discontinuance of the public highway by act of law, the grantee, and his successors in interest, nevertheless, will still be entitled to the perpetual enjoyment of certain easements, which were impliedly granted, in relation to the open way lying in front of the lands granted, and referred

to as a boundary. This view is in accord with authority and with reason. That private easements may be appurtenant to the property abutting upon a public highway must be conceded. These easements of the abutting landowner are in addition to such as he possesses as one of the public, to whose use the property has been subjected. They are independent of the public easement and, whether arising through express or implied grant, are indestructible in their nature, by the acts of the public authorities, or of the grantor of the premises, as is the estate, which is the subject of the grant.''

Defendant contends, however, that under the authority of *Manufacturing Company* v. *Beatty*, 65 Ohio St., 264, that because the plaintiff's lots front on Oakland avenue and not on Hazard street, the vacated road, that there is no easement. The Beatty case is easily distinguishable from the case at bar. There, the property owner had access to his property without going over the vacated street. In the case at bar, the only access to the rear of the property which abutted on the vacated road is along said road, and the plaintiff is entitled to an easement of egress and ingress along this vacated road.

The defendant's cross-petition to quiet title against the plaintiff's claim will be allowed, subject of course, as to his right to an easement as hereinbefore indicated.

A decree may be prepared in accordance with this opinion.