GREAT HILL LAKE, INC. *v.* FRANK B. CASWELL ET ALS.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued January 4—decided February 7, 1940.

*Carlos Ellis, Jr.,* with whom, on the brief, was *Russell Back,* for the appellant (plaintiff).

*Thomas C. Flood,* with whom was *David A. Carlson* and *William S. Hyde,* for the appellees (defendants).

JENNINGS, J. The lands of the plaintiff and defendants abut Great Hill Lake, an artificial body of water. The question to be decided is the extent of their respective rights in it. The plaintiff attacks the finding and conclusions of the trial court and excepts to one ruling on evidence.

The examination of the evidence made necessary by the attack on the finding discloses that the trial judge had great difficulty in finding out just what the claim of the plaintiff was. Certain paragraphs of the finding which are not disputed give the basic facts with reference to title. Great Hill Lake is formed by the plaintiff's dam located on land which it owns in fee. The plaintiff has succeeded to the ownership which its predecessors in title had in fee to seventeen acres of land, including that on which the dam is located, together with flowage rights over some seventy-five acres. All of the defendants, with the exception of the Hallidays, who disclaimed, own land bordering on the lake and under the waters of the lake. The finding that the plaintiff admitted what amounted to a prescriptive right in the defendants to skate and boat on and to bathe and fish in the lake is not supported by evidence and must be eliminated. The strongest finding for the defendants that the evidence justifies is that they and their predecessors in title have used the lake for purposes incident to their ownership of land bordering upon it and under it in common with the public in general, such uses including boating, swimming, and fishing, for more than fifteen years, without interference or objection by the plaintiff. There was no evidence that the lake was used for skating.

The defendants relied on their special defense that they had acquired these rights to fish, boat, and bathe by prescription. Their claim in that regard was sustained by the judgment. The correction of the finding is fatal to that claim since it eliminates the adverse and exclusive features of the user by the defendants, alleged in the special defenses. Where the individual use is in common with that of the public "the individual user must, in order to establish an independent prescriptive right, perform some act to the knowledge

of the servient owner clearly indicating his individual claim of right." 17 Am. Jur. 976. While not infrequently dicta similar to those in the case of *Turner* v. *Hebron,* 61 Conn. 175, 188, 22 Atl. 591, appear to the effect that under such circumstances it is possible to acquire rights of fishing in the whole body of water by prescription, the difficulty of satisfying the requirements is well illustrated by the following cases: *Cobb* v. *Davenport,* 32 N. J. L. 369; *Providence Forge Fishing and Hunting Club* v. *Miller Mfg. Co., Inc.,* 117 Va. 129, 132, 83 S. E. 1047; *Commonwealth Water Co.* v. *Brunner,* 161 N. Y. S. 794, 798, 175 App. Div. 153; *Tripp* v. *Richter,* 142 N. Y. S. 563, 158 App. Div. 136; *Noble* v. *Echo Lake Tavern, Inc.,* 254 N. Y. S. 662; notes, 14 L. R. A. 386; 5 A. L. R. 1057; and see *Chalker* v. *Dickinson,* 1 Conn. 382, 384; note, 111 A. L. R. 221.

As stated, the abutting defendants own most of the land under water and, subject to the right of flowage, may exercise full rights in their individual parcels. *Adams* v. *Pease,* 2 Conn. 481, 483. The right of flowage is, after all, only an easement. *Isele* v. *Arlington Five Cents Savings Bank,* 135 Mass. 142; *Clifton* v. *Watuppa Reservoir Co.,* 243 Mass. 198, 200, 137 N. E. 362; *Todd* v. *Austin,* 34 Conn. 78, 90. The owner of the easement has all rights incident or necessary to its proper enjoyment but nothing more. *American Brass Co.* v. *Serra,* 104 Conn. 139, 150, 132 Atl. 565; 17 Am. Jur. 993; 67 C. J. 918. Except as to the small portion which it owned in fee, the plaintiff had no more right to keep the defendants from using the water of the lake for boating, bathing, fishing and the like than one having a mere right of way has to maintain an action of trespass against persons entering the property subject thereto. *McPheters* v. *Loomis,* 125 Conn. 526, 530, 7 Atl. (2d) 437. If the parties are unable to reach a modus vivendi, the defendants

should have an opportunity of availing themselves of these principles by way of defense.

The claims of the defendants with respect to the watering of stock, taking water for domestic purposes and cutting ice, stand upon a different basis. Each of these activities actually appropriates property of the plaintiff to the use of the individual defendant and is necessarily adverse. *Mill River Woolen Mfg. Co.* v. *Smith*, 34 Conn. 462, 465; *Southern New England Ice Co.* v. *West Hartford*, 114 Conn. 496, 501, 159 Atl. 470 (ice); *S. O. & C. Co.* v. *Ansonia Water Co.*, 83 Conn. 611, 623, 78 Atl. 432 (water). And see *Manning* v. *Smith*, 6 Conn. 289, which seems to assume that the right to take water for the watering of stock can be acquired by user.

At the trial the plaintiff relied on a statement in the *Turner* case, supra, page 186, that "the easement of flowing he owns, and so he owns the water." The defendants do not appear to have seriously disputed this. At any rate, as indicated, they relied primarily on their claimed prescriptive right. The quoted statement and the claims of the plaintiff thereunder to the exclusive control of the water for all purposes are too broad. It must be interpreted in connection with the factual situation of the *Turner* case. Turner owned part of the land under North Pond, the right to flow the whole and owned all of the land surrounding it. He had kept everyone off the pond except by his permission for more than twenty years. The statement as applied to the facts of that case was correct, but, for the reasons stated above, it does not follow that one who owns merely an easement of flowage has exclusive rights in the water as against owners of the land thereunder.

Since a new trial is necessary, the single ruling on evidence made ground of error is noticed. Original

deeds to the defendants, less than thirty years old, were admitted over the objection of the plaintiff without testimony of any witness as to their execution. Certified copies of deeds are admissible under General Statutes, § 320. *Dawson* v. *Orange,* 78 Conn. 96, 107, 61 Atl. 101. The execution of original deeds, unless merely collateral to the issue or admissible as ancient deeds, must be proved by direct testimony, unless it be shown that such evidence is not available. *Pepe* v. *Aceto,* 119 Conn. 282, 287, 175 Atl. 775; 22 C. J. 935; 2 Wigmore, Evidence (2d Ed.) § 1289; 2 Jones, Evidence (4th Ed.) § 527.

There is error and a new trial is ordered.

In this opinion the other judges concurred.