Strafford,
June 3, 1947. } No. 3654.

JAMES T. MCKENNA *& a. v.* ELIZABETH MCKENNA *& a.*

354

*Charles F. Hartnett* (by brief and orally), for the plaintiffs.

*Hughes & Burns* (*Mr. Walter A. Calderwood* orally), for the defendants.

DUNCAN, J.   Before offering in evidence the deed upon which the defendant Elizabeth McKenna relies, the defendants undertook to

establish its identity with a record referred to in the testimony of the register of deeds. The plaintiffs objected that there was no evidence that "it was an original deed," or that "Thomas B. McKenna signed it." The inquiry was permitted, subject to exception, and the original deed was then received in evidence over objection, and subject to exception.

While the plaintiffs' objection to receipt of the deed in evidence without proof of execution specified no ground therefor, it was obviously based upon the lack of proof of execution, the ground of the objection just previously taken. This ground for objection was renewed in the course of discussion of the defendants' motion to dismiss, and could not reasonably have been misunderstood. "*Mr. Hartnett:* This deed . . . hasn't been identified as to signature or in any other way. . . . Well, our position is that it hasn't been shown that the signature on that deed is the signature of Thomas B. McKenna or that he ever executed it."

It is true that some ambiguity in the plaintiffs' position was injected by counsel's statement, made in connection with his motion to reopen, that he was "not raising the question of signature"; but from the whole discussion it is reasonably plain that this was not a waiver of his exception, but merely an indication that he did not propose to offer evidence disputing the signature. His statement immediately following: "I, of course, still take the position it is up to the petitionees to show signature" was a reassertion of his objection and of what he conceived to be a necessary part of proof of the deed.

The plaintiffs' objection was valid, and their exception is sustained. While the law is here well settled that after proof of an original deed to himself, a party may use as *prima facie* evidence an office copy of a deed in his chain of title, or an original of such a deed with certificate of record (*Bellows* v. *Copp*, 20 N. H. 492; *Fellows* v. *Fellows*, 37 N. H. 75, 84; *Smith & Sargent* v. *Company*, 78 N. H. 152, 158), this rule requires, rather than dispenses with proof of the original deed to the party himself. As to such a deed no presumptions arise, and under the best evidence rule, execution unless admitted, must be proved by the testimony of an attesting witness, or the absence of a witness accounted for and the attestation authenticated. *Wells* v. *Iron Company*, 48 N. H. 491, 504, 535–537; *Melcher* v. *Flanders*, 40 N. H. 139, 157; *Forsaith* v. *Clark*, 21 N. H. 409, 424; *Cram* v. *Ingalls*, 18 N. H. 613; *Pollard* v. *Melvin*, 10 N. H. 554. See, also, 4 Wigmore, Evidence (3d *ed.*) s. 1289; *Great Hill Lake, Inc.* v. *Caswell*, 126 Conn. 364, 369.

The acknowledgment entitled the deed to admission to record (*Wark* v. *Willard*, 13 N. H. 389, 398; *Brown* v. *Manter*, 22 N. H. 468), but the evidence that it was recorded was no more probative of execution than the existence of the deed itself. See, *Homer* v. *Cilley*, 14 N. H. 85.

Although it appears that the deed was filed by the defendant in advance of trial, there is no indication that this was done under rule 41 of the Superior Court, so as to give rise to an admission by the plaintiffs of execution.

If it may be understood from the statements of plaintiffs' counsel that proof by the defendants of execution by the decedent will not be met by independent proof of the contrary, it does not follow that the plaintiffs are to be taken as admitting execution. The evidence that the premises were conveyed by McKenna in 1939 by mortgage deed containing his wife's release of dower, that her release of .dower and homestead filed in the probate proceedings described as "real estate of said deceased," the same premises described in the deed of 1933 to her, and that the deed was not offered for record until after the death of the grantor in 1945, suggests that the plaintiffs' insistence upon their technical rights may not be wholly frivolous.

The absence of proof of delivery of the deed is not regarded as significant, in view of the presumption arising from possession of the deed by the grantee. *Boody* v. *Davis*, 20 N. H. 140, 142; *Canning* v. *Pinkham*, 1 N. H. 353. This ground of objection was not raised by the plaintiffs when the deed was offered, and is not open to consideration here.

Since the order dismissing the plaintiffs' bill was based upon evidence improperly received, there must be a new trial. No useful purpose will be served by any close examination of the plaintiffs' offer of proof made in support of their motion to reopen. Included was an offer to prove alleged statements by the decedent calculated to show an intention not to convey to his wife. The time of the alleged statements does not clearly appear. While conceivably relevant should delivery be put in issue, the statements would be of doubtful competence upon the issue of execution, if made after the purported deed to the defendant McKenna. *Baker* v. *Haskell*, 47 N. H. 479, 482; *Hurlburt* v. *Wheeler*, 40 N. H. 73.

*New trial.*

All concurred.