FELICE CATANIA ET AL. v. ANNA F. VANACORE

MALTBIE, C. J., BROWN, JENNINGS, ELLS AND DICKENSON, Js.

Argued October 5—decided December 13, 1949.

*David M. Reilly,* with whom was *Henry J. DeVita,* for the appellant (defendant).

*Charles G. Albom,* with whom, on the brief, was *Nathan A. Resnik,* for the appellees (plaintiffs).

MALTBIE, C. J.   The plaintiffs seek in this action an injunction and damages, basing their right to recover upon claimed trespasses upon their lands by the defendant.  The trial court found the issues for the plaintiffs insofar as they sought a permanent injunction and granted that relief.  The defendant has appealed.

Previous to her death, Harriet H. Bishop had owned a tract of land in East Haven bordering southerly on Long Island Sound and containing some sixteen acres. On June 15, 1891, the administrator upon her estate sold and conveyed the land to Van Celette and Barnes. In 1894 they conveyed to different people the portion bordering on the shore to a depth of about 200 feet. In 1895 they conveyed several tracts of land to Lee, and the second piece described was the remainder of the land they had received from the administrator of the Bishop estate; this piece they bounded on the south by the lands along the shore which they had previously conveyed; and in the deed they inserted this clause: "Reserving however a right of way . . . across the south side of said 2nd [piece].  Said way to be not less than twenty (20) feet wide and to be for the use of all persons passing to or from the lots on the shore South of

said 2nd [piece]." By subsequent conveyances containing the same provision this land came to Eld. In 1908, in the distribution of his estate, the land was allotted to Everit, but it was described as bounding southerly "by proposed roadway about two hundred (200) feet from the beach"; and no mention was made of any right of way. In 1909, Everit conveyed the land to Bowden, with the same description and without mention of any right of way. In 1940, after Bowden's death, the executrix of his estate conveyed the land to Donoghue, describing it as bounded southerly "by Caroline Road." Donoghue conveyed the land to the defendant, bounding it southerly "by Caroline Road," but adding a clause: "Together with such rights of way as said grantor has in and to said Caroline Road." An association composed of the owners of shore lots southerly of this tract of land and of others had been formed at some date not found; in 1921 it constructed, in the words of the finding, a "new road" in back of the shore lots, calling it Caroline Road; Bowden was at this time a member of the association; and his share of the expense of building the road was assessed against and paid by him. While it is not found, it may fairly be assumed that the reference to the "proposed road" in the distribution of Eld's estate was to the road ultimately built, and the construction of that road explains the fact that in the deed from the executrix of Bowden's estate the southerly boundary of the tract in question is stated to be "by Caroline Road."

The plaintiffs own lots bordering on the sound southerly of the so-called road; the source of their titles is not traced in the record but it must have gone back to the conveyances by Van Celette and Barnes of the lots along the shore before they made the deed of the remainder of the tract to the defendant's predecessor in title. The deed of the named plaintiff bounds his lot

on the north "by land now or formerly of Andrew J. Barnes and Treffley Van Celette" and contains this clause: "Together with any and all rights of way to and from the land above described and conveyed, and all rights to pass and repass which may have been created, and which now or may hereafter exist under and by virtue of certain grants and conveyances of and agreements concerning the same recorded in the Land Records of the Town of East Haven or otherwise." The conveyances to the other plaintiffs do not appear in the record.

The trial court concluded that the clause in the deed from Van Celette and Barnes to Lee "reserving . . . a right of way . . . across the south side" of the land now owned by the defendant created an easement of way in the then owners of the lots bordering on the shore, that they also had such a right by necessity and that it had passed to the plaintiffs. We have no need to consider the correctness of those conclusions. The only facts the trial court found as the basis upon which it granted the plaintiffs relief are that the named plaintiff had seen the defendant and members of her family go back and forth on Caroline Road; and that he had also seen trucks going over it in the winter time, although the identity of the owners and operators did not appear. The latter finding is, of course, of no significance because responsibility for the passing of the trucks is in no way brought home to the defendant. If the. plaintiffs owned the fee of Caroline Road, passage over it by the defendant without their consent might constitute a trespass. But all the court has found, and on the basis of the deeds all it could find, is that the plaintiffs had at most a right of way over the strip of land in question. The act of other persons in going unlawfully upon it would not constitute a trespass against them as owners of a mere easement of passage. *McPheters* v.

*Loomis,* 125 Conn. 526, 530, 7 A. 2d 437; *Great Hill Lake, Inc.* v. *Caswell,* 126 Conn. 364, 367, 11 A. 2d 396. The plaintiffs would be entitled to relief only if they had been disturbed or obstructed in the exercise of their rights to the use of it. *Waterbury Trust Co.* v. *G. L. D. Realty Co.,* 121 Conn.. 50, 53, 182 A. 466. They have neither alleged nor proved that there has been any such invasion of their rights by the defendant.

There is error, the judgment is set aside and the case is remanded with direction to enter judgment for the defendant.

In this opinion the other judges concurred.