FREDERICK WAMBECK ET AL. *v.* JOSEPH LOVETRI

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, JS.

Argued June 9—decided August 3, 1954

*James A. Dougherty* and *Walter A. Hayes,* for the appellants (plaintiffs).

*William L. Beers,* for the appellee (defendant).

Daly, J. The plaintiffs brought this action for an injunction and damages. The court rendered judgment for the defendant, and the plaintiffs have appealed.

The material facts found are the following: Prior to May 22, 1916, George Boles, then the owner of land bounded on the east by Sherwood Place, in the town of Greenwich, laid out a roadway through the tract to the property west of it, now owned by the defendant. The roadway, which extended 190 feet westerly from Sherwood Place, is known as Putnam Court. Boles divided his property on the north and south sides of the roadway into lots and sold one, situated on the southerly side, to the plaintiff Frederick Wambeck, "with the right in common with others to pass over and along said right of way

[Putnam Court] to the highway Sherwood Place so-called." By May 22, 1916, Boles had sold all the lots. Each purchaser was granted an easement similar to that of Frederick. The plaintiffs Frederick and Mary Wambeck now own the land originally purchased by Frederick. The defendant's property, which is bounded on the west by Church Street and on the east by the original Boles tract, was never owned by George Boles. Since 1916 a fence had divided the property now owned by the defendant from the original Boles tract. At a town meeting in Greenwich on October 18, 1943, it was voted that certain private roads, including Putnam Court, be accepted as public highways "on proper dedication by the owners . . .; the final acceptance of any designated road to take effect on certificate of the Commissioner of Public Works." On December 28, 1948, the commissioner of public works signed and recorded a certificate stating that he accepted Putnam Court as a public highway. At that time, however, he had not received a proper dedication by the owner or owners. Putnam Court is not a public road. It is a private right of way.

In April, 1951, the defendant removed a portion of the fence at the westerly end of Putnam Court, and he and his agents, guests and visitors now use the roadway as a means of access to his property from Sherwood Place. On June 1, 1951, the administrator c.t.a. of the estate of George Boles purported to convey the fee in Putnam Court to the defendant by a quitclaim deed which has not been recorded. After the conclusion of the trial and the receipt of briefs, the plaintiffs filed a written motion to amend the complaint to allege that they and others own Putnam Court. The motion was denied by the trial court "because it sought to import into the case a

new claim after the matter had been fully tried." The court concluded that, as the plaintiffs had enjoyed and were enjoying the full use of their easement, they had no right to prevent others from using Putnam Court; that for the purposes of this case and under the pleadings there was no occasion to decide whether Putnam Court was a public highway by presumed dedication and express acceptance or whether it was a private way, title to which was in the defendant; that the claim of the plaintiffs that they and others owned Putnam Court was not within the scope of the pleadings and that they needed no equitable relief to protect the full use of their easement. In addition, the court deduced, as stated above, that Putnam Court is a private road or right of way, not a public road. A deduction from other facts found, whether or not it is called a conclusion, and in whatever part of the finding it is placed, is a conclusion. See *Siller* v. *Philip*, 107 Conn. 612, 614, 141 A. 872; *Hackett* v. *New Haven*, 103 Conn. 157, 164, 130 A. 121; Maltbie, Conn. App. Proc., p. 128.

In their assignment of errors the plaintiffs assert that the court erred in denying their motion to amend the complaint without a hearing. In the motion, they alleged that their proposed amendment was "not at all essential" to their case. It is difficult, therefore, to comprehend this claim of error. In addition, the motion was not filed until after the trial was concluded and briefs had been received. By the proposed amendment the plaintiffs sought to change their alleged status from that of owners of adjacent land, having the right to use Putnam Court in common with others, to that of being, with others, the owners of Putnam Court. The granting of the motion would have required repleading by

the defendant and might have resulted in the taking of additional evidence. We cannot hold that the court abused its discretion in denying the motion. *Steinecke* v. *Medalie,* 139 Conn. 152, 155, 90 A.2d 875; *Benson* v. *Morey,* 129 Conn. 390, 391, 28 A.2d 843; *Berry* v. *Hartford National Bank & Trust Co.,* 125 Conn. 615, 620, 7 A.2d 847.

The plaintiffs also assign as error the court's ruling in admitting in evidence the unrecorded deed upon which the defendant relied to prove that he owned the fee of the roadway. As the court concluded that there was no occasion to determine whether the defendant had such ownership, the admission of the deed did not touch the issue upon which the case was decided. The ruling was not harmful to the plaintiffs. *Lusas* v. *St. Patrick's Roman Catholic Church Corporation,* 125 Conn. 206, 209, 4 A.2d 333; Maltbie, Conn. App. Proc., § 14.

The plaintiffs claim that they, as the owners of land adjoining Putnam Court, have a special interest in it and the right to object to its use by the defendant. Because of the presumption that owners of land abutting on a public highway own the fee to the center of it, they do, ordinarily, possess special and peculiar rights in the highway. *Allen* v. *Mussen,* 129 Conn. 151, 155, 26 A.2d 776; *Fitzgerald* v. *Merard Holding Co.,* 106 Conn. 475, 483, 138 A. 483; *Knothe* v. *Zinzer,* 96 Conn. 709, 714, 115 A. 477; *Peck* v. *Smith,* 1 Conn. 103, 132. However, Putnam Court, as was alleged by the plaintiffs in their complaint and determined by the court, was not a public road or highway. We are not called upon to decide what rights the plaintiffs would have if they had alleged, and the court had concluded, that it was a public highway. The grantee of land bounded on a private way is not presumed to own the fee in any

part of the way. *Goodwin* v. *Bragaw,* 87 Conn. 31, 37, 86 A. 668; *Seery* v. *Waterbury,* 82 Conn. 567, 571, 74 A. 908. The mere fact, therefore, that the land of the plaintiffs abutted Putnam Court gave them no interest in the fee of the way upon which they could predicate a case against the defendant on the theory of trespass.

The plaintiffs also contend that George Boles abandoned his interest in Putnam Court and that they and the other owners of land abutting upon the north and south sides of the roadway acquired his interest in it by adverse possession. This is an assertion that they and the others became the owners of the land known as Putnam Court. In their complaint they alleged only the right to use it, not the ownership of it. The issues joined upon the pleadings did not raise the question of the plaintiffs' title to Putnam Court. On the basis of the pleadings and the plaintiffs' deed, all the court could find, as it did find, was that the plaintiffs had at most the right to use the private road or right of way in common with others. The acts of the defendant in removing a portion of the fence and in using Putnam Court would not constitute a trespass against the plaintiffs as owners of a mere easement of passage. *Catania* v. *Vanacore,* 136 Conn. 244, 247, 70 A.2d 136; *McPheters* v. *Loomis,* 125 Conn. 526, 530, 7 A.2d 437.

Inasmuch as it is clear that the plaintiffs have no cause of action sounding in trespass, the only question is whether they are entitled to damages or an injunction on any other theory. The only possibility available to them is one that rests upon a line of cases which hold that, when a developer has sold off all of his lots to which a right of way is appurtenant, he is left with only the barren fee in the land

over which the right of way runs and he has no right to extend the right of passage over the way to other tracts of land which he did not own when he laid out the development, if, by doing so, he materially impairs the enjoyment of the easement by those to whom he has sold the lots. *Greene* v. *Canny,* 137 Mass. 64, 68; *Reiver* v. *Voshell,* 18 Del. Ch. 260, 265, 158 A. 366; *Jarman* v. *Freeman,* 78 N.J. Eq. 464, 468, 79 A. 1065; *Shore* v. *Friedman,* 142 Pa. Super. 373, 379, 16 A.2d 727. It is to be noted that, under these authorities, an essential qualification to the application of the rule is that the extension of the easement to other properties must be of such a nature that it results in the impairment of the enjoyment of the use of it by those who have purchased the lots.

Ordinarily, except in cases of trespass, a plaintiff is entitled to an injunction only in the event that he can show that the threatened conduct will cause him irreparable damage. Specifically, the owner of an easement is entitled to relief only if he can show that he will be disturbed or obstructed in the exercise of his right to use it. *Catania* v. *Vanacore,* 136 Conn. 244, 248, 70 A.2d 136; *Waterbury Trust Co.* v. *G. L. D. Realty Co.,* 121 Conn. 50, 53, 182 A. 466; see *Great Hill Lake, Inc.* v. *Caswell,* 126 Conn. 364, 367, 11 A.2d 396. In the present case, the failure of the court to find that the plaintiffs had been or would be damaged and its express finding that they are enjoying the full use of their easement warrant its conclusion that they are not entitled to judgment.

There is no error.

In this opinion INGLIS, C. J., O'SULLIVAN and WYNNE, Js., concurred; BALDWIN, J., dissented.