[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, (hereinafter Simeone) brings this three count complaint against adjoining landowners, hereinafter Valko. The land is located in Woodbridge, a town known for its many trees and foliage. In order to use land for building purposes, a developer is usually required to remove many trees and shrubs. The court, after the evidence had been completed, visited the premises.
The plaintiff, Simeone is an architect who owned eight acres of land with an architect associate. The property was subdivided into three lots. Simeone retained lots #1 and #3. His architect associate sold lot #2 to the Valkos. Lot #1 is dry and wooded. Simeone's lot #3 abuts Valko's on the easterly side Lot #1 abuts Valko on the northerly side of lot #2. Lot #2 was probably more marketable when the architect associates divided the property. Lot #1 has vegetation covering and trees. Lot #3 has many wet land lines running through it although the plaintiff testified it is an approved building lot. (See Exhibit A and Exhibit 1).
The first count of the complaint alleges inter alia that Valko violated Connecticut General Statutes § 52-560 which states in pertinent part:
 "When the court is satisfied that the defendant was guilty through mistake and believed the tree timber or shrubbery
CT Page 10048 was growing on his land or on the land of the person for whom he cut the tree timber or shrubbery, it shall render judgment for no more than its reasonable damage."
At the time of trial the court concluded that the plaintiff had failed to establish his burden of proof to have the court triple the reasonable value of the trees cut. The court believed that the excavator who cut the trees did so by mistake and in some cases to eliminate dead trees.
The principal complaint of the plaintiff at the time of trial centered around the debris and slash that was deposited onto his land. Photos were introduced by Simeone to show that condition when first taken in 1993. At the time the court viewed the scene, any and all debris and slash had been substantially, if not all, removed from the plaintiff's property.
Simeone testified that approximately 40-50 trees had been removed. He testified he walked the property with Jeff King of Hickory Ridge Nurseries to assess the damage and the trees cut. The defendant Valko admitted at trial that he cut eight trees belonging to the defendant. Simeone failed to produce King, a necessary witness and one that the court opines is one likely to be produced and accordingly draws an unfavorable inference as to the number of trees cut or the value of same. The defendant on the other hand produced a landscape architect, Robert B. Stockmall, who inspected the property as late March 21, 1996 who described only eight trees cut. Stockmall also testified he saw no "slash," debris, or tree stumps thrown upon the plaintiff's property by Valko's landscaper who prepared the lot for Valko to build on. Stockmall gave a detailed description of the trees on the land of Simeone that were cut. He testified that the land of lot #1 was a pasture at one time and the trees cut were second growth and were of no value. He further testified that only two trees were probably alive; and the others being dead probably would be blown down and impose potential liability on the plaintiff.
Stockmall contrary to the testimony of Simeone stated the growth had no aesthetic value and was just scrub. He opined it was not a wooded lot. Simeone claimed that the trees cut was a buffer zone between Valko and his property. Stockmall said the CT Page 10049 trees cut were like telephone poles and he would have advised replacing them if shading from them was desired. Valko at trial testified the trees he cut were likely to fall in a storm and he did a favor to Simeone by cutting them down.
From all the credible evidence adduced at trial on the first count, the court finds that there was no evidence, other than speculation as to the reasonable value of the trees cut by the defendant. Further the plaintiff asks the court to consider the diminution as to value based upon the trees cut. Although the court allowed Simeone to testify that the value of his property was reduced from $145,000 to $125,000, this court believes that other factors affected the value than the few trees cut.
Counts Two and Three
Simeone asserts in counts two and three that Valko is diverting water onto his land, lot #3 by means of a pipe running from around his home to an area far from his house and close to lot #3. In Count Two Simeone alleged that the pipe and diversion is a nuisance and in Count Three that it is a trespass. In both counts he seeks monetary damages a permanent injunction or such other relief the court deems appropriate. Originally the pipe discharged the water onto his property. Valko when confronted by Simeone with the original layout, then dug a hole on his land approximately 5 feet x 7 feet x 4 feet at the end of the pipe. Simeone testified, and it was visible when the court viewed the premises, that the water notwithstanding the diversion into the self made hole, runs onto an area of lot #3 onto what was a proposed driveway to the house to be built; on lot #3. Valko asserts that the water may be running off his property but that it is from its natural contour.
The court finds that the concentration of water from the surrounding area of Valko's dwelling on lot #2 by use of a pipe constitutes a nuisance and a continuing trespass.
Since Counts Two and Three pray for the same relief the court treats them together and grants the injunctive relief.
The defendant accordingly is ordered to discontinue the use of the pipe to divert the natural flow of water to concentrate its collection into the self made pond which eventually would become a source of contamination. CT Page 10050
 The injury or wrong complained of will cause irreparable harm is not applicable to cases of trespass. See Wambeck v. Lovetri, 141 Conn. 558, 564 (1954).
In the alternative Simeone testified that appropriate dry wells should be installed so as to eliminate the method the water is now diverted.
Accordingly, judgment is entered in favor of the plaintiff in accordance with this decision as to Counts Two and Three.
Frank S. Meadow, Judge Trial Referee