[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Edmund and Dolores DiMeglio, have petitioned for temporary and permanent injunctions restraining the defendant, Greg Renshaw, from storing personalty on the plaintiffs' property and for interference with an easement as well as monetary damages. On December 19, 1996, the court held an evidentiary hearing concerning the request for a temporary injunction.
The dispute centers on a strip of land in Putnam, Connecticut, which is partly owned by the plaintiffs and partly owned by the defendant, upon which strip sits a driveway ramp composed of concrete and amesite. The plaintiffs own the eastern half of the strip comprising six feet of width and the defendant owns the western half also comprising six feet of width. Each six foot portion is contiguous to other property owned by the parties. The plaintiffs' portion is encumbered by an easement benefiting the defendant's land, and the defendant's portion is encumbered by an easement benefiting the plaintiffs' land. In other words, the strip forms a twelve foot wide shared driveway which straddles the boundary line dividing the parties' CT Page 562-Q neighboring parcels.
The ramp is 78.5 feet long and rises from street level on Front Street to an elevation of five feet at the opposite end where it abuts an entrance to the defendant's antique store. This store also abuts the strip along its western side. The plaintiffs' property, except for the eastern half of the ramp, is a vacant lot occasionally used as a parking area. A tall, chain-linked fence runs the length of the ramp on the plaintiffs' side.
The defendant purchased his parcel, including his half of the driveway, on November 20, 1992. Sometime thereafter, he erected the chain-link fence mentioned above. As noted, this fence stands entirely on the plaintiffs' property. Also, the defendant constructed a chain-link gate across the width of the driveway about ten feet south of Front Street. The defendant uses both his and the plaintiffs' portion of the ramp surface to display and store several ponderous items such as large pilasters, fireplaces, and other architectural antiques and salvaged material.
The plaintiffs seek to have the personalty, gate, and fence removed. They contend that the defendant has no right to use their property to display his goods nor can he obstruct free passage over the driveway ramp. They ask the court to enjoin the CT Page 562-R defendant from persisting in this activity.
Generally, in order to prevail in an application for a temporary injunction, the applicant must demonstrate that the applicant is likely to prevail at the final hearing; that no adequate remedy at law exists to address the problem; and that the applicant will suffer irreparable injury absent injunctive relief. Griffin Hospital v. Commission on Hospitals and HealthCare, 196 Conn. 451, 456-458 (1958); Covenant Radio Corp. V. TenEighty Corp., 35 Conn. Sup. 1, 3 (1977). However, the irreparable injury requirement is inapplicable in cases of trespass to land.Wambeck v. Lovetri, 141 Conn. 558, 564 (1954).
The court holds that the plaintiffs have met their burden, by clear and convincing evidence, of proving that they will succeed at the final hearing. The land records and surveys clearly show that the plaintiffs are the title owners of the eastern six feet of the driveway and are the beneficiaries of an easement on the western six feet. They have also clearly demonstrated that the defendant has erected a fence and gate enclosing the ramp and has stored and displayed wares throughout the area, including on the plaintiffs' property. The defendant in his posthearing brief submits that, at the final hearing, he will be able to show adverse possession, abandonment, and other defenses to the plaintiffs' claims, but he offered no credible evidence at the CT Page 562-S preliminary hearing to substantiate these defenses.
The court also recognizes that the plaintiffs have no adequate remedy at law to rectify their injury. Monetary damages will not remove the obstructions nor prevent continued trespass to the property. Only injunctive relief will adequately redress these intrusions. As noted above, in cases of trespass to land, irreparable injury is presumed.
Even if the prerequisites to issuance of a temporary injunction exist, the court retains the discretion to decline or limit the relief afforded. Hartford v. American ArbitrationAssociation, 174 Conn. 472, 477 (1978); Phoenix Ins. Co. V.Carey, 80 Conn. 426, 431 (1908). The court orders the defendant to remove all items of personalty which he has placed on the plaintiffs' half of the ramp within thirty days. He is also ordered to remove any items on his portion of the ramp which interfere with pedestrian or vehicular passage on the ramp within thirty days. The defendant is further ordered to leave the gate across the ramp open unless the plaintiffs consent to closure. The court declines to order the razing of the fence and gate because the expense to the defendant far outweighs any benefit to the plaintiffs whose property presently consists of a vacant lot. Also, the fence and gate are safety features necessary to protect persons from falling off the ramp which, at its highest, stands CT Page 562-T five feet above the adjacent grade. These orders shall take effect upon the plaintiffs posting a $5000 surety bond in compliance with G.S. § 52-472.
Sferrazza. J.