[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs, Martin Drive Corporation, Craig R. Foster and Julie I. Foster, instituted this action against the defendants, James and Maureen Thorsen and the Cioffoletti Construction Company, Inc.
They claim that the Martin Drive Corporation is the exclusive owner of a paved road known as Martin Drive, which provides ingress and egress to nine residences, including those owned by the Fosters and the Thorsens.
The Martin Drive Corporation is an association of homeowners charged with the care and maintenance of the traveled way known as Martin Drive.
The plaintiffs allege that the defendant, James Thorsen, submitted an application to the Town of Ridgefield for the relocation and improvement of Martin Drive without the knowledge or authorization of the Martin Drive Corporation or its members.
The defendant, Cioffoletti Construction Company, was employed by the Thorsens to relocate Martin Drive. The relocation allegedly resulted in the destruction of trees and a chicken coop.
The plaintiff sought temporary and permanent injunctive relief, prohibiting the defendants from further construction on the relocated portion of Martin Drive, or from using the road for any purpose other than ingress and egress to their residence at 797 North Salem Road.
The plaintiffs also seek an order requiring the defendants to restore the disturbed property, and damages pursuant to § 52-560 of the Connecticut General Statutes based upon the cutting of trees and vegetation.
On April 30, 1997, a temporary injunction was granted exparte by the court (Stodolink, J.), and a hearing was held on June 24, 1997 before the Honorable Jack L. Grogins.
After hearing, Judge Grogins continued the temporary CT Page 12957 injunction and made findings in support of the injunctive relief previously entered ex parte.
The court found that the defendant, James Thorsen, had usurped the authority of the Martin Drive Corporation, irreparable harm would result to the plaintiffs, Craig and July Foster, if the injunction was not granted, and the plaintiffs were likely to prevail on the merits of their claim.
Judge Grogins therefore ordered that the temporary injunction remain in "full force and effect," until a hearing on the merits.
The defendants now move to vacate or modify the temporary injunction, first issued ex parte, then affirmed after hearing.
A hearing was held on October 5, 1998, and testimony was received concerning the defendants' motion to vacate or modify dated June 18, 1998, and their motion for bond of the same date.
 TEMPORARY INJUNCTION SHOULD NOT BE DISTURBED
The court has reviewed a transcript of the June 27, 1997 hearing, as well as the order entered by Judge Grogins following the hearing.
The issues before Judge Grogins were not fundamentally different than those raised by the defendants during the hearing on their motion to vacate or modify the temporary injunction.
The hearing before Judge Grogins was limited to the request for temporary injunctive relief. A temporary injunction is designed to preserve the status quo until the rights of the parties can finally be determined after hearing on the merits.Griffin Hospital v. Commission on Hospitals, 196 Conn. 451, 457
(1985).
A decision regarding temporary injunctive relief necessarily involves the application of equitable principles in adjusting the rights of the parties, until a final determination on the merits can be obtained. Stocker v. Waterbury, 154 Conn. 446, 451 (1967).
In a case alleging trespass to land, a plaintiff may seek injunctive relief even without a showing of irreparable harm.Wambeck v. Lovetri, 141 Conn. 558, 564 (1954). CT Page 12958
However, in this case the court specifically found, after hearing, that irreparable harm had been demonstrated. Irreparable harm is a consideration when applying the balancing of the equities test to a request for a temporary injunction. GriffinHospital v. Commission on Hospitals, supra, 458.
Balancing of the equities is mandatory, unless it is very clear that a party is without legal right. Olcott v. Pendleton,128 Conn. 292, 294 (1941).
The defendants have provided no evidence which persuades this court that the temporary injunction issued by Judge Grogins ought to be disturbed prior to a hearing on the merits of the plaintiffs' claims.
The motion to modify or vacate the temporary injunction is therefore denied.
Because bond was not deemed necessary after the initial hearing, the motion to require the plaintiffs to post a bond is also denied.
Radcliffe, J.